■ PHILIP M. SILVERMAN, Appellant, v CAROL B. SILVERMAN, Respondent. — In a matrimonial action, plaintiff husband appeals, as limited by an order of this court dated April 28, 1982, from so much of an order of the Supreme Court, Westchester County (Burchell, J.), entered December 21, 1981, as granted defendant wife's cross motion for a judgment for alimony arrears and an award of counsel fees. Order modified, on the law and the facts, by (1) reducing the amount of the arrears from $1,050 to $1,018, and (2) deleting the third decretal paragraph which awarded defendant a counsel fee of $1,255. As so modified, order affirmed insofar as appealed, from, without costs or disbursements, and matter remanded to the Supreme Court, Westchester County, for further proceedings to fix counsel fees for services provided defendant on her cross motion and on the instant appeal and for entry of an appropriate judgment in accordance herewith. While Special Term's finding that plaintiff owed defendant $350 per month in alimony arrears for each of the months of July and August, 1981 was proper, the record indicates that pursuant to the terms of the parties' separation agreement, plaintiff was entitled to a $32 reduction of his support obligation for the month of September, 1981, based upon his wife's admitted salary raise on September 1, 1981. Accordingly, we find that the award of arrears must be reduced by that amount. Further, in fixing the award of counsel fees, Special Term indicated that the award was for services

rendered to defendant on plaintiff's motion and on her cross motion. Defendant was entitled to reasonable counsel fees on her cross motion to recover arrears by virtue of the provisions of the parties' separation agreement providing for counsel fees to the successful party in an action based upon a default of the other party in performing an obligation under that agreement. Defendant's cross motion to recover arrears was clearly based upon such a default by plaintiff and, accordingly, she was entitled to receive reasonable counsel fees for services rendered in connection therewith, regardless of her financial circumstances. However, plaintiff's motion (which is not part of this appeal) was for an order directing the partition and sale of the parties' former marital residence. This aspect of the proceedings was not in any sense a default under the terms of the separation agreement and, therefore, there was no basis for awarding defendant counsel fees pursuant to the agreement in connection with that motion. Moreover, since this motion was a nonmatrimonial claim, there was no basis for awarding counsel fees pursuant to either section 237 or 238 of the Domestic Relations Law. We would further note, however, that under the terms of the separation agreement defendant is also entitled to counsel fees for services rendered on this appeal which concerns the award of arrears and counsel fees related thereto. Accordingly, Special Term is directed to fix counsel fees for services provided defendant on her cross motion and on this appeal. Damiani, J. P., Lazer, Mangano and Brown, JJ., concur.