■ ALICE S. CANICK, Appellant, v M. LEON CANICK, Respondent.—In an action to enforce a separation agreement, which agreement was later incorporated but not merged into a judgment of divorce, the plaintiff wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Di Paola, J.), entered November 19, 1984, as interpreted a provision of the separation agreement so as to permit policies insuring the defendant husband's life of which the plaintiff is both the owner and beneficiary, to count toward the aggregate amount of life insurance which the defendant was obligated to provide, and which further denied her motion, *inter alia,* for an order directing the defendant to post a bond securing future support payments and to pay her reasonable counsel fees and expenses.

Order modified, on the law and the facts, by deleting the fourth decretal paragraph thereof and substituting therefor a provision granting that branch of the plaintiff's motion which was for counsel fees to the extent that the plaintiff is awarded $2,800 in counsel fees. As so modified, order affirmed insofar as appealed from, without costs or disbursements.

Pursuant to the relevant portion of the parties' separation agreement, the defendant husband was obligated, *inter alia,* to maintain policies of life insurance wherein the plaintiff was designated "as irrevocable beneficiary for $150,000 in death benefits". The provision stated that "said policies are presently in full force and effect". That portion of the agreement which was to specify the particular insurance carrier and numbers of the policies to which the parties referred was left blank with only the words "to be provided" handwritten on the paper. Apparently, both parties were at that time owners of policies insuring the defendant's life and naming the plaintiff as the beneficiary. The issue to be resolved is whether the plaintiff's policies could be utilized toward meeting the requisite amount of life insurance which the defendant was obligated to provide. The plaintiff's interpretation of the agreement is that the defendant was obligated to provide $150,000 worth of insurance separate and apart from the policies which she owned. The defendant, on the other hand, would have us interpret the agreement so as to permit the plaintiff's policies

to constitute a portion of the requisite insurance, with him assuming the responsibility of the premium payments on those policies. Special Term adopted the defendant's position and found that the plaintiff's policies should be counted toward the aggregate amount of insurance required under the agreement.

At the outset, we find that the plaintiff did not meet the burden of presenting sufficient evidence to support her interpretation of the contract. The record does not contain a complete list of the insurance policies owned by each party at the time the agreement was signed.

In any event, it may be inferred from the evidence that the plaintiff originally sought reimbursement from the defendant of the premiums on the policies which she owned. We agree with Special Term that by her actions, she, in effect, elected to interpret the agreement as permitting her policies as well as those of the defendant to constitute the insurance which was to be maintained by the defendant. When the terms of a contract are ambiguous, the construction placed upon the contract by the parties themselves may be considered in ascertaining the meaning of the ambiguous term (see, Surlak v Surlak, 95 AD2d 371). The plaintiff's conduct in seeking reimbursement of her premium payments is evidence of the true intent of the parties at the time the agreement was signed (see, Slatt v Slatt, 64 NY2d 966). Accordingly, we affirm that portion of Special Term's order.

The plaintiff's next contention is that she was entitled to an award of counsel fees both for the expenses which she incurred on the instant matter, and also for those incurred on a previous contempt motion which was subsequently withdrawn after successful settlement negotiations. Both actions were necessary, according to the plaintiff, because of the defendant's failure to timely make some of the support payments, which she claims amounted to his default in fulfilling his obligations under the separation agreement. The plaintiff sought an award of counsel fees both pursuant to Domestic Relations Law § 238, and also pursuant to a provision of the separation agreement which made the defendant liable for the costs and expenses of the plaintiff caused by the defendant's default in any of his obligations under that agreement. Special Term denied counsel fees to either party, finding that they were in pari delicto with respect to their noncompliance with the agreement.

We do not disturb Special Term's finding that each party

failed to completely abide by the terms of the separation agreement. Had the request for counsel fees been based only upon Domestic Relations Law § 238, we would agree with the determination to deny the requested relief, as the decision to award fees under that section is a discretionary one. Noncompliance by both parties is a sufficient reason to exercise discretion against awarding such fees. However, the request for counsel fees was also based upon a provision of the separation agreement which amounts to a contractual obligation on the part of the defendant to pay such reasonable fees and expenses. We find that the plaintiff should have received an award for counsel fees for that portion of the proceedings which were necessitated by the defendant's default in making timely support payments. We decline, however, to hold the defendant liable for that portion of the plaintiff's expenses occasioned by her challenge to the interpretation of the separation agreement. We, therefore, apportion the fees and expenses incurred by the plaintiff on the instant matter between both parties.

The plaintiff's attorney submitted an affirmation indicating that the legal fees and expenses on the instant matter amounted to over $8,000. We find that a great portion of counsel's time was spent in the preparation and presentation of the plaintiff's position on the interpretation of the life insurance provision of the separation agreement. Therefore, we award to the plaintiff legal fees in the amount of $2,800. We make no award for the fees incurred with respect to a prior motion which was subsequently withdrawn after successful negotiations. Counsel fees could have been included within the settlement discussions, and we will not disturb a bargained-for result which apparently was achieved to the satisfaction of both parties.

Finally, we agree with Special Term that it was unnecessary, based upon the evidence presented in this case, to require the defendant to post a bond as security for future support payments. Lazer, J. P., Mangano, Brown and Kooper, JJ., concur.