(January 19, 1993)

■ MARIE A. BONELLI, Appellant, v GARY M. BONELLI, Respondent.—In an action for a conversion divorce, in which the plaintiff wife also moved to enforce the parties' separation agreement, the plaintiff appeals from so much of a judgment of the Supreme Court, Queens County (La Fauci, J.H.O.), dated August 16, 1990, as limited her counsel fees with respect to her application to enforce the separation agreement, to counsel fees incurred in securing a pendente lite award of maintenance and child support in an order of the Supreme Court, Queens County (Lonschein, J.), dated October 20, 1988.

Ordered that the judgment is reversed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Queens County, for a determination after the taking of additional evidence of the amount of reasonable counsel fees to be awarded to the plaintiff with respect to the extended litigation on her application to enforce the separation agreement.

Pursuant to the terms of the parties' separation agreement,

the plaintiff is entitled to an award of reasonable counsel fees incurred in enforcing the defendant's unfulfilled obligations under the agreement. The Supreme Court awarded the plaintiff $3,000 in counsel fees arising from her application for certain arrears in maintenance and child support accruing prior to a pendente lite order of the same court (Lonschein, J.), dated October 20, 1988. That pendente lite order involved the same issue raised during the subsequent extended litigation to enforce the separation agreement, namely whether the defendant's financial obligations under the separation agreement were terminated by reason of the plaintiff's alleged violation of a noncohabitation clause. In addition to the prior award for the counsel fees incurred in securing the pendente lite order, the plaintiff is entitled to reasonable counsel fees incurred in connection with the extended litigation (see, Lefkon v Drubin, 143 AD2d 400; Canick v Canick, 122 AD2d 767). Given the sparsity of the record before us, we cannot determine the reasonableness of the amount of counsel fees requested for the extended litigation. Accordingly, we remit the matter to the Supreme Court, Queens County, for a further determination consistent with the findings herein (see, Willis v Willis, 149 AD2d 584). Lawrence, J. P., Eiber, Miller and Pizzuto, JJ., concur.