■ ROCHELLE ZEITLIN, Respondent, v EDWARD ZEITLIN, Appellant. (Action No. 1.) BERNARD ZEITLIN, Plaintiff, v EDWARD ZEITLIN et al., Defendants. (Action No. 2.) [672 NYS2d 748] —In related actions for a divorce and ancillary relief and to partition real property, the defendant former husband appeals (1) from stated portions of an order of the Supreme Court, Nassau County (O'Connell, J.), dated March 11, 1997, and (2) from an order of the same court dated April 9, 1997, which granted the plaintiff former wife in Action No.1 an award of counsel fees in the principal sum of $61,676. Motion by the appellant, *inter alia,* in effect, to withdraw the appeal from the order dated March 11, 1997 (App Div Docket No. 97-03847) on the ground that it has been rendered academic. By decision and order of this Court dated December 3, 1997, that branch of the motion was referred to the Justices hearing the appeal.

Ordered that the motion is granted, and the appeal from the order dated March 11, 1997, is dismissed as withdrawn, without costs or disbursements; and it is further,

Ordered that the order dated April 9, 1997, is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.

In determining the award of counsel fees to the plaintiff former wife in the divorce action, the Supreme Court erred in including several charges attributed to services rendered by the attorney in the related partition action (*see,* Domestic Relations Law § 237 [a]; *Lucci v Lucci,* 227 AD2d 387; *Silverman v Silverman,* 91 AD2d 609; *Weseley v Weseley,* 58 AD2d 829) and in Family Court proceedings (*see, Maloney v Maloney,* 114 AD2d 440; *Mattana v Mattana,* 79 AD2d 702; *Murena v Murena,* 75 AD2d 640), as well as counsel fees incurred as a result of making the application for an award of counsel fees (*see, Matter of Rocchio v Centrum Constr. Corp.,* 201 AD2d 568; *Harkavy v Harkavy,* 167 AD2d 510; *Schussler v Schussler,* 123 AD2d 618). Inasmuch as the exact number of hours attributable to these improper charges is unclear, we remit the matter for a recalculation of the proper fees to be awarded, and the entry of an appropriate amended judgment. The court's new

determination should take into account a misstatement contained in the April 9, 1997, order that the plaintiff had paid her former attorney Charles S. Sherman, $14,000. In fact, the plaintiff paid Mr. Sherman $11,500 while the defendant paid $2,500.

We note that the award of counsel fees in the amended judgment, may, in the court's discretion and as justice requires, be made payable directly to Charles S. Sherman (see, Domestic Relations Law § 237 [a]; *Zeitlin v Zeitlin,* 250 AD2d 607 [decided herewith]).

The defendant's remaining contentions are without merit. Mangano, P. J., Copertino, Thompson and McGinity, JJ., concur.