■ ROCHELLE ZEITLIN, Respondent, v EDWARD ZEITLIN, Appellant, and CHARLES S. SHERMAN, Nonparty Respondent. (Action No. 1.) BERNARD ZEITLIN, Plaintiff, v EDWARD ZEITLIN et al., Defendants. (Action No. 2.) [672 NYS2d 379] —In related actions for a divorce and ancillary relief and to partition real property, the defendant former husband appeals (1) from so much of an order of the Supreme Court, Nassau County (O'Connell, J.), dated September 22, 1997, as granted that branch of the application of the plaintiff's attorney, Charles S. Sherman, which was for leave to enter a money judgment against him in the principal sum of $61,676, and (2), as limited by his notice of appeal and brief, from so much of an order of the same court, also dated September 22, 1997, as denied that branch of his motion which was for an award of counsel fees in connection with his renewed application to terminate the plaintiff's right to exclusive occupancy of the former marital residence.

Ordered that the order dated September 22, 1997, which granted that branch of the application of Charles S. Sherman which was for leave to enter a money judgment against the defendant in the sum of $61,676, is reversed insofar as appealed from, on the law, without costs or disbursements, for reasons stated in *Zeitlin v Zeitlin* (250 AD2d 606 [decided herewith]), and the matter is remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith and with *Zeitlin v Zeitlin (supra);* and it is further,

Ordered that so much of the order dated September 22, 1997, as denied that branch of the appellant's motion which was for an award of counsel fees in connection with his renewed application to terminate the plaintiff's right to exclusive occupancy of the former marital residence is reversed insofar as

appealed from, on the law, without costs or disbursements, that branch of the appellant's motion which was for an award of counsel fees in connection with his renewed application to terminate the plaintiff's right to exclusive occupancy of the former marital residence is granted, and the matter is remitted to the Supreme Court, Nassau County, for a hearing to determine the amount of counsel fees to be awarded to the appellant and the entry of an appropriate order thereon.

Pursuant to the parties' stipulation of settlement, which was incorporated but not merged in the judgment of divorce, the plaintiff was granted exclusive occupancy of the former marital residence until the occurrence of any one of a number of stated events, including the issuance of an order directing a change of custody of the parties' two children. Another provision of the stipulation of settlement stated that if there were "a court finding that either [parent] was in an intoxicated state in the former marital residence or elsewhere in the presence of the children", such actions would be deemed a material breach. The stipulation further provided that "[i]n the event that either party defaults with respect to any obligation under this Agreement, each agrees to indemnify the other against same and to reimburse the successful party [for] attorneys' fees, including the fees charged for the making of any application to a court for such fees, resulting from or made necessary by the bringing of any suit or other proceeding to enforce any of the terms, covenants or conditions of this Agreement".

Subsequent conduct on the part of the plaintiff, including, *inter alia,* several instances of intoxication and a conviction of driving while intoxicated as a felony, resulted in an order of the Family Court, Nassau County, dated June 10, 1997, which changed custody of the children from joint custody with physical custody of the children to the plaintiff, to sole custody of the children to the appellant. The appellant then renewed an application to the Supreme Court to terminate the plaintiff's right to have exclusive occupancy of the former marital residence. In an order dated September 22, 1997, the Supreme Court, in reliance on the findings and order of the Family Court, terminated the plaintiff's exclusive right of occupancy of the marital premises but denied that branch of the appellant's motion which was for an award of counsel fees incurred in bringing on the renewed application.

The Supreme Court erred in denying the branch of the appellant's motion which was for an award of counsel fees. The Family Court's findings in its order dated June 10, 1997, with respect to the plaintiff's intoxicated behavior, are amply sup-

ported by the record, and clearly constituted a default by the plaintiff under the stipulation of settlement. Accordingly, the matter is remitted to the Supreme Court for a hearing to determine the amount of counsel fees to be awarded to the appellant and for the entry of an appropriate judgment thereon. Mangano, P. J., Copertino, Thompson and McGinity, JJ., concur.