■ CHANI LIGHTMAN, Appellant, v HYLTON I. LIGHTMAN, Respondent. [675 NYS2d 315] —In an action for a divorce and ancillary relief, the plaintiff wife appeals from an order of the Supreme Court, Queens County (Flug, J.), dated August 6, 1997, which denied her motion to direct the defendant husband to provide her with funds to retain a forensic expert, require the children of the marriage to appear for examinations before that expert, and preclude the court-appointed psychiatrist from having any ex parte contacts with the court or any further involvement in the case unless directed by the court to testify.

Ordered that the order is modified by deleting therefrom the provision which denied that branch of the plaintiff's motion which was to direct the defendant to provide her with funds to retain a forensic expert and require the children of the marriage to appear for examinations before that expert and substituting therefor a provision granting that branch of the motion to the extent of directing the defendant to provide the plaintiff with funds to retain a forensic expert; as so modified, the order is affirmed, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Queens County, to determine the amount to be paid by the defendant for the expert and without prejudice to an application by the plaintiff, upon consultation with the expert, that the children be examined by the expert if the court deems it necessary.

Whether a party should be required to pay the fees for an expert the other party wishes to retain is a matter to be determined by the court in the exercise of its discretion (*see, Ahern v Ahern,* 94 AD2d 53). The court improvidently exercised its discretion in declining to direct the husband to provide the wife with the funds for a forensic expert that she sought to retain. Accordingly, the order appealed from is modified by awarding the plaintiff funds for the expert's services, to be paid by the defendant in an amount to be determined by the court. Further, we note that ex parte communications with the court-appointed expert are to be avoided. Miller, J. P., Joy, Goldstein and McGinity, JJ., concur.