■ GLADYS FAMOSO, Appellant, v CHARLES FAMOSO, Respondent. [700 NYS2d 62] —In a matrimonial action in which the parties were divorced by judgment entered December 11, 1995, the plaintiff former wife appeals from an order of the Supreme Court, Nassau County (Cozzens, J.), dated September 9, 1998, which (1) granted the motion of the defendant former husband to terminate his maintenance obligation and to vacate an "execution for support enforcement" dated February 13, 1998, and (2) denied her cross motion, *inter alia*, for an award of an attorney's fee.

Ordered that the order is modified by (1) deleting the provision thereof granting the motion and substituting therefor a provision denying the motion, and (2) deleting the provision thereof denying that branch of the cross motion which was for an award of an attorney's fee and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed, with costs to the appellant, the execution for support enforcement dated February 13, 1998, is reinstated, and the matter is remitted to the Supreme Court, Nassau County, to determine the amount of the attorney's fee to be awarded to the plaintiff.

After 22 years of marriage, the parties were divorced in December 1995. The parties' separation agreement (hereinafter the agreement), which was incorporated but not merged into the judgment of divorce, provided that the defendant was to pay the plaintiff maintenance for eight years following the sale of the marital residence. The agreement also provided that maintenance would terminate in the event of the plaintiff's remarriage. Remarriage was defined to include "the wife's residing with an unrelated adult male * * * for a period of 120 days in any one (1) year". Residing was defined as "staying overnight".

The defendant ceased maintenance payments in January 1998, without leave of court, and informed the plaintiff that her right to maintenance under the agreement was terminated. In response, the plaintiff served an execution for support enforcement dated February 13, 1998, upon the defendant's employer. The defendant moved to terminate his maintenance obligation and to vacate the execution for support enforcement, and the plaintiff cross-moved, *inter alia*, for an award of an attorney's fee.

The defendant bore the burden of establishing by a prepon-

derance of the evidence that the plaintiff permitted an unrelated male to stay overnight for the requisite 120 days (see, Brown v Brown, 122 AD2d 762). Contrary to the Supreme Court's determination, we conclude that the defendant failed to meet this burden. Accordingly, the defendant's motion to terminate his maintenance obligation and to vacate the execution for support enforcement should have been denied.

The defendant's evidence, which consisted of his observations of the plaintiff's home over a four-month period, surveillance of the plaintiff's residence by a private investigator, and information obtained under various pretenses by the private investigator, did not establish that the plaintiff's male friend stayed overnight on the requisite number of occasions. Although the defendant attempted to meet his burden by establishing that the plaintiff's male friend actually resided with her, there was evidence that the male friend maintained a separate residence (see, Emrich v Emrich, 173 AD2d 818; Lefkon v Drubin, 143 AD2d 400; Salas v Salas, 128 AD2d 849).

Contrary to the defendant's contention, the plaintiff was entitled to an attorney's fee pursuant to the terms of the parties' agreement (see, Zeitlin v Zeitlin, 250 AD2d 607; Bonelli v Bonelli, 189 AD2d 794; Canick v Canick, 122 AD2d 767). We therefore remit the matter to the Supreme Court, Nassau County, to determine the amount of the attorney's fee to which the plaintiff is entitled (see, Morris v Morris, 251 AD2d 638; Santora v·Nicolini, 237 AD2d 504).

The plaintiff's remaining contention is without merit. O'Brien, J. P., Ritter, Santucci and Florio, JJ., concur.