■ KENNETH BENGARD, Appellant, v THERESA BENGARD, Respondent. [772 NYS2d 526]—

In an action for a divorce and ancillary relief, the plaintiff husband appeals (1) from a judgment of the Supreme Court, Richmond County (Lebowitz, J.), dated March 11, 2003, which upon the granting, without a hearing, of the defendant's motion for an award of an attorney's fee, is in favor of the defendant's attorney and against the plaintiff in the principal sum of $8,000,

and (2), as limited by his brief, from so much of an order of the same court dated April 25, 2003, as granted that branch of the defendant's motion which was, in effect, to direct the payment of the attorney's fee from the proceeds of the sale of the marital residence.

Ordered that the judgment is affirmed; and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The plaintiff failed to request a hearing with regard to the value and extent of the services of the defendant's attorney or raise any objections to the submission of the issue of an award of an attorney's fee based on papers. Consequently, he waived his right to a hearing on this issue (*see Krutyansky v Krutyansky,* 289 AD2d 299 [2001]; *Roshevsky v Roshevsky,* 267 AD2d 293 [1999]; *Reehill v Reehill,* 181 AD2d 725 [1992]). Furthermore, the Supreme Court providently exercised its discretion in granting the defendant's motion for an award of an attorney's fee in light of the plaintiff's tactics, which unnecessarily prolonged the litigation (*see Krigsman v Krigsman,* 288 AD2d 189 [2001]; *Kalinich v Kalinich,* 234 AD2d 344 [1996]; *Suydam v Suydam,* 203 AD2d 806 [1994]).

The plaintiff's remaining contention is without merit. Ritter, J.P., Krausman, Townes and Cozier, JJ., concur.