■ Joan Flynn-Federico, Respondent, v Santa Federico, Appellant. [777 NYS2d 649]—

Order, Supreme Court, New York County (John E.H. Stackhouse, J.), entered January 27, 2003, denying defendant's motion for recusal, unanimously affirmed, without costs. Order, same court and Justice, entered March 4, 2003, granting plaintiff's motion for pendente lite exclusive use and occupancy of the marital residence, unanimously affirmed, without costs. Order, same court and Justice, entered on or about October 1, 2003, which, to the extent appealed from, awarded plaintiff sole legal and physical custody of the parties' child and directed automatic suspension of visitation in the event defendant denigrates plaintiff, unanimously modified, on the law and the facts, the provision vesting plaintiff with final decision-making authority in all areas vacated, and plaintiff directed to confer with defendant on decisions affecting the child's education, the final decision to rest with plaintiff, the provision imposing automatic suspension of visitation in the event of denigration vacated, and otherwise affirmed, without costs.

The court should not have initiated ex parte contact with the forensic neutral (*see Lightman v Lightman*, 253 AD2d 453 [1998]) upon plaintiff's application for temporary exclusive possession of the marital residence, where her allegations did not rise to the level of requiring urgent relief. Moreover, the decision on exclusive possession attributed to the forensic neutral a statement concerning the child's "extreme emotional distress,"

which the court had never before mentioned to the parties, and which contrasted with an earlier pronouncement on the record that the forensic neutral had not found the child to be in any danger. Also significant are the court's factual findings about defendant, which were controverted by the evidence (*cf. People v Grier*, 273 AD2d 403 [2000]).

Nevertheless, reversal and remand are not warranted because the determination that defendant should no longer reside in the marital residence and that plaintiff should receive sole custody was supported by the evidence. However, in our discretion, we find that in light of the circumstances presented, all future proceedings should be assigned to another justice.

Joint custody was simply not in the best interests of this child (*see Braiman v Braiman*, 44 NY2d 584, 589-590 [1978]). However, encouraging plaintiff to solicit defendant's input with respect to the child's education, albeit resting ultimate decision-making authority with plaintiff, is consistent with the forensic neutral's conclusion that defendant also had much to offer to the child (*see e.g. Mars v Mars*, 286 AD2d 201, 202-203 [2001]). This would also be consistent with the generous visitation privileges afforded defendant. We note, however, that the automatic suspension of visitation upon denigration of plaintiff was based on unsubstantiated hearsay, controverted by five witnesses, and made no provision for a hearing or forensic evaluation before its imposition (*see Klutchko v Baron*, 1 AD3d 400, 405 [2003]). Concur—Nardelli, J.P., Saxe, Sullivan, Marlow and Catterson, JJ.