■ In the Matter of TERESA ANN D'AVANZO, Appellant, v JOHN PAPA, Respondent. [796 NYS2d 106]—

In a child support proceeding pursuant to Family Court Act article 4, the mother appeals from (1) so much of an order of the Family Court, Richmond County (Castaldi, S.M.), dated January 8, 2004, as, after a hearing, directed the father to pay basic child support in the sum of only $2,008 per month and only 79% of child care expenses and unreimbursed medical, dental, and optical expenses and (2) an order of the same court (Porzio, J.), dated June 22, 2004, which denied her objections to the order dated January 8, 2004.

Ordered that the appeal from the order dated January 8, 2004, is dismissed, without costs or disbursements, as that order was superseded by the order dated June 22, 2004; and it is further,

Ordered that the order dated June 22, 2004, is modified, on the law, by deleting the provision thereof denying the mother's objection to so much of the order dated January 8, 2004, as directed the father to pay 79% of child care expenses and unreimbursed medical, dental, and optical expenses and substituting therefor a provision sustaining that objection to the extent of directing the father to pay 92% of child care expenses and unreimbursed medical, dental, and optical expenses; as so modified, the order dated June 22, 2004, is affirmed, without costs or disbursements, and the order dated January 8, 2004, is modified accordingly.

The Family Court's determination of basic child support was proper. Since the combined parental income exceeded $80,000, the court, in its discretion, could apply the applicable percentage, in this case 17% for one child, or the factors set forth in Family Court Act § 413 (1) (f) or both to the parental income in excess of $80,000 (*see Matter of Cassano v Cassano,* 85 NY2d 649, 655 [1995]; *Finke v Finke,* 15 AD3d 615 [2005]). The Support Magistrate, applying the factors set forth in Family Court Act § 413 (1) (f), properly considered $150,000 of the father's gross income in determining basic child support.

However, the Support Magistrate improperly determined that the father was only responsible for 79% of child care expenses and unreimbursed medical, dental, and optical expenses. A parent's share of such expenses is computed by prorating the parent's income to the combined parental income (*see* Family Ct Act § 413 [1] [c] [4], [5]). The $80,000 cap has no application to this calculation (*see Costanza v Costanza,* 199 AD2d 988, 991 [1993]; *Slankard v Chahinian,* 204 AD2d 529, 530 [1994]). Upon consideration of the father's entire income pursuant to Family Court Act § 413 (1) (b) (5), the father's pro rata share of child care expenses and unreimbursed medical, dental, and optical expenses should be 92% and the order dated January 8, 2004, must be modified accordingly. H. Miller, J.P., Ritter, Goldstein and Crane, JJ., concur.