■ RICHARD CARL THOMA, Appellant, v ROBERTA THOMA, Respondent. [803 NYS2d 572]—

In an action for a divorce and ancillary relief, the plaintiff husband appeals, as limited by his brief, from stated portions of (1) the findings of fact and conclusions of law of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated June 2, 2004, and (2) a judgment of the same court also dated June 2, 2004, which, after a nonjury trial, inter alia, awarded the defendant wife lifetime maintenance in the sum of $200 per week, child support for two of the parties' children in the sum of $325 per week, arrears of maintenance and child support in the sum of $9,792.01, and counsel fees in the sum of $5,000, and directed him to pay all of the unreimbursed medical, dental, optical, and pharmaceutical expenses for those children, and the Law Guardian's fee.

Ordered that the appeal from the findings of fact and conclusions of law is dismissed as findings of fact and conclusions of law are not separately appealable (*see Fitzgerald v Fitzgerald*, 302 AD2d 356 [2003]; *Benedetto v O'Grady*, 10 AD2d 628 [1960]); and it is further,

Ordered that the judgment is reversed insofar as appealed from, on the law and as a matter of discretion, the seventh, eighth, ninth, tenth, twelfth, eighteenth, and nineteenth decretal paragraphs thereof are deleted, the plaintiff and the defendant are each directed to pay the sum of $547.50 of the Law

Guardian's fee, and the matter is remitted to the Supreme Court, Orange County, for a hearing and new determination as to the issues of maintenance, child support, arrears, the proportion of unreimbursed medical, dental, optical, and pharmaceutical expenses to be paid by the plaintiff, and counsel fees, if any, to be paid by the plaintiff in accordance herewith; and it is further,

Ordered that one bill of costs is awarded to the appellant; and it is further,

Ordered that pending the hearing and new determination, the appellant shall pay the sum of $225 per week for child support.

The defendant is a licensed school teacher with two teaching certificates and a degree in architecture and interior design. She testified that her "best guess" was that if she secured full-time employment as a school teacher, she could earn a starting salary of $39,000 per year. The defendant testified that for five years since 1999, she was unable to obtain full-time employment. However, she acknowledged that in 2000 she was able to secure full-time employment at a private school but she quit that job. She further noted that she was unable to secure other full-time employment despite the fact that she "sent out 40 resumes last month." She failed to submit copies of applications or any rejection letters. Her claim that she could not secure full-time employment was based upon conclusory assertions.

It is clear from the record that the defendant is relatively young and capable of working. Therefore the award of lifetime maintenance was improper (*see Matter of Sarraga v Sarraga*, 262 AD2d 565 [1999]). "Maintenance should continue only as long as required to render the recipient spouse self-supporting" (*Sass v Sass*, 276 AD2d 42, 49 [2000]).

In view of the conclusory testimony with respect to the defendant's inability to obtain full-time employment, we deem it appropriate to remit for a new hearing to determine the results of her 40 job applications and whatever other efforts she has made to secure full-time employment. This case may warrant imputation of income to the defendant based upon her earnings potential (*see Friedman v Friedman*, 309 AD2d 830 [2003]).

At the trial, the Supreme Court precluded the plaintiff, an architect, from testifying as an expert as to the defendant's earning capacity in architecture and interior design on the ground that he was an "adversary." This was error. A party may testify as an expert witness (*see* CPLR 4512; *Vega v LaPalorcia*, 281 AD2d 623 [2001]; *A. C. Elec. Co. v Bellino*, 135 AD2d

678 [1987]; *Braun v Ahmed*, 127 AD2d 418 [1987]). However, since the plaintiff never made an offer of proof as to his qualifications to testify (*see Pignataro v Galarzia*, 303 AD2d 667 [2003]), it is impossible to determine whether this error had an effect on the outcome. At the new hearing, the plaintiff should be permitted to attempt to qualify himself as a expert or to submit other expert testimony.

In determining child support, the Supreme Court must deduct from the plaintiff's gross income the amount that he pays in maintenance (*see* Domestic Relations Law § 240 [1-b] [b] [5] [vii] [C]; *Rohrs v Rohrs*, 297 AD2d 317 [2002]) and taxes paid pursuant to the Federal Insurance Contributions Act (*see* Domestic Relations Law § 240 [1-b] [b] [5] [vii] [H]), before determining the combined parental income (*see Manno v Manno*, 196 AD2d 488 [1993]) and provide for an adjustment in child support upon the termination of maintenance, if any.

One of the two children for whom child support was awarded will reach the age of 21 years on December 22, 2005. In view of the close proximity of this date, upon remittitur, the Supreme Court should determine the child support to be awarded before and after December 22, 2005.

The judgment directed the plaintiff to pay the unreimbursed medical, dental, optical, and pharmaceutical expenses of the two children under the age of 21 years. However, the Supreme Court was required to determine the plaintiff's share of such expenses by prorating his income to the combined parental income (*see D'Avanzo v Papa*, 18 AD3d 658 [2005]; *Iwahara v Iwahara*, 226 AD2d 346, 348-349 [1996]).

With respect to counsel fees, the plaintiff did not consent to a determination without a hearing (*see Devivo v Devivo*, 2 AD3d 483 [2003]) and specifically objected to the amount of counsel fees incurred by the wife as excessive. Therefore, a hearing is warranted on the amount of counsel fees to be awarded, if any (*see Patterson v Patterson*, 302 AD2d 507 [2003]; *Lynch v Lynch*, 97 AD2d 814 [1983]).

Finally, we note that the husband and the wife each should pay $547.50 of the Law Guardian's fee, pursuant to a stipulation they entered into at the trial. Upon remittitur, the Supreme Court should determine whether any additional fees are owed to the Law Guardian, and, if so, who should pay those fees. Adams, J.P., Crane, Goldstein and Skelos, JJ., concur.