■ GEORGE J. PFLUGER, Appellant, v JACQUELINE NAPOLITANO PFLUGER, Defendant. BARRY K. FINE, Nonparty Respondent. [828 NYS2d 118]—

In an action for a divorce and ancillary relief, the plaintiff husband appeals, as limited by his notice of appeal and brief, from so much of an order of the Supreme Court, Suffolk County (Pines, J.), dated November 30, 2005, as granted, without a hearing, the motion of the defendant wife's former attorney for an award of an attorney's fee and directed him to pay the defendant wife's former attorney the sum of $38,192.10.

Ordered that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for a hearing on the issue of an award of an attorney's fee, if any, to be awarded to the defendant's former attorney.

The husband and the wife specifically objected to the amount of the attorney's fee sought by her former attorney as excessive especially in light of the results achieved on her behalf and his purported discharge for cause. Accordingly, the Supreme Court erred in awarding the wife's former attorney an attorney's fee in the sum of $38,192.10 without a hearing in the absence of a stipulation consenting to a determination upon written submissions. Under the circumstances of this case, a hearing was necessary to afford the husband "a meaningful way of testing the [attorney's] claims relative to time and value" (*Price v Price*, 113 AD2d 299, 309 [1985], *affd* 69 NY2d 8 [1986], *quoting Sadofsky v Sadofsky*, 78 AD2d 520, 521 [1980]; *see Green v Green*, 288 AD2d 436, 437 [2001]; *Kelly v Kelly*, 223 AD2d 625, 626 [1996]). The husband did not waive his right to a hearing on this issue despite his failure to expressly request one; he

expressly relied on the defendant's dispute of the services provided and thereby incorporated her detailed and extensive grievances with her former attorney's bill and request for fees (*see Sommers v Sommers,* 25 AD3d 685 [2006]; *Thoma v Thoma,* 21 AD3d 1080, 1082 [2005]; *Redgrave v Redgrave,* 304 AD2d 1062, 1066-1067 [2003]). The prior decisions of this Court do not require a contrary result (*see e.g. Messinger v Messinger,* 24 AD3d 631, 632 [2005]; *Bengard v Bengard,* 5 AD3d 340, 341 [2004]; *Roshevsky v Roshevsky,* 267 AD2d 293, 294 [1999]; *Matter of Zirkind v Zirkind,* 218 AD2d 745, 746 [1995]; *Mancuso v Mancuso,* 178 AD2d 584 [1991]; *Lynch v Lynch,* 97 AD2d 814 [1983]).

The nonparty respondent's remaining contentions are without merit. Crane, J.P., Ritter, Lunn and Covello, JJ., concur.