■ LAURAINE SZEKELY, Respondent, v ADAM M. SZEKELY, Appellant. [902 NYS2d 129]—In an action for a divorce and ancillary relief, in which the plaintiff moved to vacate an income execution pursuant to CPLR 5241 (a) (8), the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Scarpino, Jr., J.), entered September 24, 2009, as denied that branch of his cross motion which was for an award of an attorney's fee for the prosecution of this enforcement matter against the plaintiff.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the defendant's cross motion which was for an award of an attorney's fee is granted, and the matter is remitted to the Supreme Court, Westchester County, to determine the amount of the attorney's fee to be awarded to the defendant.

The parties to this action were divorced by a judgment entered August 23, 2004, which incorporated by reference, but did not

merge with, a so-Ordered stipulation and certain settlement agreements, which provided, inter alia, for joint custody of their two children and the plaintiff's payment of child support to the defendant. When the plaintiff failed to timely pay child support and arrears in accordance with the judgment, the defendant served an income execution for support enforcement on the plaintiff and her employer pursuant to CPLR 5241.

The plaintiff moved to vacate the income execution pursuant to CPLR 5241 (a) (8), claiming that she was not in default and that the arrears were incorrectly calculated. The defendant cross-moved for the approval of the income execution and for an award of an attorney's fee in prosecuting this matter. The Supreme Court denied the motion, granted that branch of the cross motion which was for the approval of the income execution, and denied that branch of the cross motion which was for an award of an attorney's fee. The defendant appeals. We reverse the order insofar as appealed from.

Contrary to the determination of the Supreme Court, the defendant is entitled to be reimbursed for "necessary and reasonable" attorney's fees in connection with this proceeding pursuant to the default provision in the parties' settlement agreements (*see Matter of Milark v Meigher*, 56 AD3d 1018 [2008]; *Parnes v Parnes*, 41 AD3d 934, 936-937 [2007]; *Choy v Choy*, 137 AD2d 784, 785 [1988]; *Canick v Canick*, 122 AD2d 767, 769 [1986]). Therefore, we remit the matter to the Supreme Court, Westchester County, to determine the amount of the attorney's fee to be awarded to the defendant (*see Famoso v Famoso*, 267 AD2d 274, 275 [1999]; *Morris v Morris*, 251 AD2d 638 [1998]; *Zeitlin v Zeitlin*, 250 AD2d 607, 609 [1998]; *Santora v Nicolini*, 237 AD2d 504 [1997]; *Bonelli v Bonelli*, 189 AD2d 794, 795 [1993]). Dillon, J.P., Balkin, Lott and Sgroi, JJ., concur.