In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (IDV Part) (Morgenstern, J.), dated November 3, 2008, as, after a *561 hearing, inter alia, awarded the father joint custody of the subject child, determined that she was obligated to pay the father’s and paternal grandfather’s litigation expenses, and directed that the applications for awards of attorneys’ fees be determined by submission of “affirmations of attorneys fees” rather than after a hearing.
Ordered that the order is modified, on the law, by deleting the provision thereof directing that the father’s and paternal grandfather’s applications for awards of attorneys’ fees be determined by submission of “affirmations of attorneys fees”; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the father and paternal grandfather, payable by the mother, and the matter is remitted to the Supreme Court, Kings County, for a hearing and determination as to the amount of attorneys’ fees to be paid by the mother to the father and paternal grandfather.
While the Supreme Court correctly determined that the appellant mother should pay the petitioners’ attorneys fees, it was improper to direct that those fees be determined based upon “affirmations of attorneys fees.” Rather, the Supreme Court should have directed a hearing to determine the appropriate amount to award for the attorneys’ fees (see Pfluger v Pfluger, 35 AD3d 828 [2006]; Sheikh v Basheer, 34 AD3d 670 [2006]; cf. Schiffer v Schiffer, 55 AD3d 714 [2008]).
The mother’s remaining contentions are without merit. Mastro, J.E, Florio, Belen and Chambers, JJ., concur.