■ MAUREEN O'CONNOR, Plaintiff, v EUGENE O'CONNOR, Respondent. SALLAH LAW FIRM, P.C., Nonparty Appellant. [932 NYS2d 147]—

In February 2009 the plaintiff retained the nonparty-appellant, Sallah Law Firm, P.C. (hereinafter the law firm), to represent her in this divorce action. On March 1, 2010, the plaintiff discharged the law firm during the trial on financial issues. On April 27, 2010, the law firm made the instant motion for an award of an attorney's fee to be paid by the defendant. The law firm made the instant motion after the completion of the trial, but prior to the entry of a final judgment. The Supreme Court denied the motion on the ground that the law firm, by failing to request an award of an attorney's fee at the trial, failed to preserve that request for disposition. We reverse.

"Pursuant to Domestic Relations Law § 237 (a), a lawyer who represents a nonmonied spouse may seek attorneys' fees from the monied spouse in the divorce action" (*Frankel v Frankel*, 2 NY3d 601, 605 [2004]). On August 13, 2010, the Legislature approved amendments to Domestic Relations Law § 237 (a). These amendments provided, inter alia, that "[a]pplications for the award of fees and expenses may be made at any time or times prior to final judgment" (L 2010, ch 329). The amendments did not take effect until October 12, 2010, after the instant motion was decided and, thus, are inapplicable to this appeal. Rather, at the time that the Supreme Court decided the instant motion, Domestic Relations Law § 237 (a) provided that an attorney's fee award in a divorce action "must be made in the final judgment in such action . . . or by one or more orders from time to time before final judgment, or by both such order or orders and the final judgment." This language authorized courts to award fees "at any time after the start of the action up through the entry of final judgment" (*O'Shea v O'Shea*, 93 NY2d 187, 192 [1999]; *see Redgrave v Redgrave*, 304 AD2d 1062 [2003]). Since the law firm made the instant motion before the entry of final judgment, the Supreme Court had the authority to entertain the motion and should have resolved it on the merits.

Moreover, since there is no indication on this record that the defendant stipulated that an award of an attorney's fee could be made solely on the basis of affirmations, he is entitled to an evidentiary hearing on the issue (*see Sommers v Sommers*, 25 AD3d 685, 685-686 [2006]; *Thoma v Thoma*, 21 AD3d 1080, 1082 [2005]; *Price v Price*, 113 AD2d 299, 309 [1985], *affd* 69 NY2d 8 [1986]; *Santora v Nicolini*, 237 AD2d 504, 506 [1997];

*Nee v Nee*, 240 AD2d 478, 479 [1997]; *Weinberg v Weinberg*, 95 AD2d 828, 829 [1983]). Accordingly, the matter must be remitted to the Supreme Court, Suffolk County, for a hearing on the law firm's motion, and a new determination on the motion thereafter. Mastro, J.P., Angiolillo, Belen and Lott, JJ., concur.

---

Motion by the respondent on an appeal from an order of the Supreme Court, Suffolk County, dated June 1, 2010, to strike the nonparty appellant's reply brief or stated portions of the reply brief on the ground that they refer to matter dehors the record.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the motion is granted to the extent that the following material is stricken from the nonparty appellant's reply brief and has not been considered in the determination of the appeal, and the motion is otherwise denied:

(1) the sentence on page 2 beginning with the words "The Plaintiff" and ending with the word "cross-examined"; and

(2) the sentence on page 2 beginning with the words "During the trial" and ending with the words "hearing the case"; and

(3) the sentence on page 3 beginning with the words "The Plaintiff" and ending with the words "the case"; and

(4) the sentence on page 3 beginning with the words "In spite" and ending with the words "trial began"; and

(5) the paragraph on page 4 beginning with the words "If Appellant" and ending with the words "of record"; and

(6) the paragraph on page 4 beginning with the words "It is outrageous" and ending with the words "this issue"; and

(7) the paragraph on page 6 beginning with the words "It is outrageous" and ending with the word "of Appellant." Mastro, J.P., Angiolillo, Belen and Lott, JJ., concur.