■ Kiwon S., Respondent, v Daniel S., Appellant. [943 NYS2d 888]—

Order, Supreme Court, New York County (Saralee Evans, J.), entered September 15, 2011, which, to the extent appealed from, granted plaintiff's motion for pendente lite relief to the extent of directing defendant to pay plaintiff's attorney interim counsel fees in the amount of $100,000, subject to reallocation at trial, unanimously affirmed, without costs.

The court providently exercised its discretion in awarding counsel fees, given the evidence of the large discrepancy in the parties' respective incomes, the significant business investments within defendant's control, the nature of the issues in dispute, and plaintiff's lack of sufficient funds of her own to compensate counsel without depleting her limited assets (*see* Domestic Relations Law § 237 [a]; *Charpié v Charpié*, 271 AD2d 169, 173 [2000]; *see also Dodson v Dodson*, 46 AD3d 305 [2007]).

Plaintiff's moving papers included both the requisite statement of net worth and affirmation of counsel (*see* 22 NYCRR 202.16 [k] [2], [3]). The court properly exercised its discretion in concluding that plaintiff's failure to provide an updated state-

ment of net worth was not fatal to her motion. Although an updated net worth statement would have given the court the most current information, there was no evidence that plaintiff's economic condition had substantially changed from what had been reported on her previously-submitted recent net worth statement. Nor was movant required to submit a personal affidavit (*see* 22 NYCRR 202.16 [k] [2], [3]). Concur—Mazzarelli, J.P., Friedman, Catterson, Richter and Manzanet-Daniels, JJ.