■ DENISE DeNOBILE TENAGLIA, Respondent, v JOSEPH TENAGLIA, Appellant. [22 NYS3d 208]—

Appeal from a judgment of divorce of the Supreme Court, Suffolk County (Morton I. Willen, J.H.O.), entered January 29, 2008. The judgment of divorce, insofar as appealed from, upon a decision dated October 16, 2007, made after a nonjury trial, equitably distributed certain marital property, awarded the

plaintiff maintenance in the sum of $1,450 per week until her death or remarriage, and awarded the plaintiff attorneys' fees and expert witness fees in the sum of $252,000. By decision and order on motion dated September 11, 2008, this Court remitted the matter to the Supreme Court, Suffolk County, for a reconstruction hearing with respect to certain proceedings and a reconstruction hearing has been completed.

Ordered that the judgment is modified, on the law, by deleting the provision thereof awarding the plaintiff attorneys' fees and expert witness fees in the sum of $252,000; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for a hearing and determination of the amount of an award of reasonable attorneys' fees and the entry of an appropriate amended judgment thereafter.

Contrary to the defendant's contention, the record on appeal, including the portion that was subject to a reconstruction hearing, is sufficient to provide for a meaningful review of all issues raised on appeal and, thus, there is no need to reverse the judgment of divorce and remit the matter for a new trial (*see Matter of Olson v Olson*, 8 AD3d 285, 286 [2004]).

In making an equitable distribution of marital property, a trial court is vested with broad discretion and, unless it can be shown that the court improvidently exercised that discretion, its determination should not be disturbed (*see Schwartz v Schwartz*, 67 AD3d 989, 990 [2009]; *Saleh v Saleh*, 40 AD3d 617, 617-618 [2007]). Here, the Supreme Court providently exercised its discretion in equitably distributing the marital assets at issue in the percentage and manner that it did (*see* Domestic Relations Law § 236 [B] [5] [c], [d]).

" '[T]he amount and duration of maintenance is a matter committed to the sound discretion of the trial court, and every case must be determined on its own unique facts' " (*Siskind v Siskind*, 89 AD3d 832, 833 [2011], quoting *Wortman v Wortman*, 11 AD3d 604, 606 [2004]). In determining the amount and duration of maintenance, a court must consider the factors enumerated in Domestic Relations Law § 236 (B) (6) (a), which, inter alia, include the parties' pre-divorce standard of living, their income and property, the duration of the marriage, the parties' respective earning capacities, and the ability of the party seeking maintenance to be self-supporting (*see Giokas v Giokas*, 73 AD3d 688, 689 [2010]). Here, upon considering the relevant factors, the Supreme Court providently exercised its discretion in awarding the plaintiff maintenance in the sum of $1,450 per week until her death or remarriage (*see* Domestic

Relations Law § 236 [B] [6] [a]; *DiPalma v DiPalma,* 112 AD3d 663 [2013]; *Rabinovich v Shevchenko,* 93 AD3d 774 [2012]).

In exercising its discretionary power to award attorneys' fees, a court should review the financial circumstances of both parties together with all other circumstances of the case, which may include the relative merit of the parties' positions, as well as the tactics of a party in unnecessarily prolonging or complicating the litigation (*see DeCabrera v Cabrera-Rosete,* 70 NY2d 879, 881 [1987]; *Franco v Franco,* 97 AD3d 785, 786 [2012]; *Powers v Wilson,* 56 AD3d 639, 641 [2008]). Where, as here, there is no indication on the record that the defendant stipulated that an award of attorneys' fees could be made solely on the basis of affirmations, the Supreme Court must conduct an evidentiary hearing on the issue (*see O'Connor v O'Connor,* 89 AD3d 703, 704 [2011]). Under the circumstances of this case, although the Supreme Court's determination requiring the defendant to pay 60% of the plaintiff's attorneys' fees and expert fees was a provident exercise of its discretion (*see* Domestic Relations Law § 237; *Franco v Franco,* 97 AD3d at 786; *Levy v Levy,* 4 AD3d 398, 399 [2004]), we must nonetheless remit the issue of attorneys' fees to the Supreme Court for an evidentiary hearing to determine the amount of reasonable attorneys' fees, against which amount, along with the expert fees, the defendant's 60% obligation shall then be applied (*see Johnston v Johnston,* 63 AD3d 1555 [2009]; *Horowitz v Horowitz,* 63 AD3d 1001, 1002 [2009]).

The defendant's remaining contentions are without merit. Dillon, J.P., Leventhal, Chambers and Austin, JJ., concur.