■ In the Matter of ANNA ZAYDENVERG, Appellant, v ARCADY ZAYDENVERG, Respondent. [56 NYS3d 531]—

Appeal from an order of the Family Court, Kings County (Maria Arias, J.), dated April 18, 2016. The order, insofar as appealed from, granted that branch of the father's motion which sought an award of counsel fees to the extent of awarding him counsel fees in the sum of $3,212.50.

Ordered that the order is affirmed insofar as appealed from, with costs.

The parties are the parents of one child. They previously entered into a stipulation of settlement concerning, inter alia, custody and visitation with respect to the child. Following a court-ordered suspension of the father's visitation and subsequent reinstatement thereof, the father was to have additional visitation time to make up for the visits he missed. However, the mother thereafter refused to allow the father to have the same number of make-up visits as he missed during the period of suspension. The father moved to be allowed to make up the visits and, as relevant here, sought an award of counsel fees incurred in making the motion. The Family Court granted that branch of the motion which sought an award of counsel fees to the extent of awarding him $3,212.50 in counsel fees. The mother appeals.

An award of counsel fees in a proceeding under the Family Court Act is entrusted to the sound discretion of the Family Court (see Matter of Feng Lucy Luo v Yang, 104 AD3d 852 [2013]; Matter of Tuglu v Crowley, 96 AD3d 862, 863 [2012]). Under the circumstances of this case, including the court's determination based upon its interaction with the parties and its participation in the proceedings herein that the mother caused the father to incur unnecessary legal fees, the court providently exercised its discretion in awarding the father counsel fees (see Matter of Tuglu v Crowley, 96 AD3d at 863). Moreover, the court properly awarded the father counsel fees without a hearing. The mother failed to request a hearing with regard to the amount of counsel fees or raise any objections to the submission of the issue on papers, and the papers were sufficient to permit a proper determination of the issue (see Matter of Feng Lucy Luo v Yang, 104 AD3d 852 [2013]; Bengard v Bengard, 5 AD3d 340 [2004]). Balkin, J.P., Sgroi, Cohen and Duffy, JJ., concur.