Matter of Yu Wei v Mathews (2018 NY Slip Op 06922)





Matter of Yu Wei v Mathews


2018 NY Slip Op 06922


Decided on October 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2018-01411
 (Docket No. V-6344-16)

[*1]In the Matter of Yu Wei, respondent, 
v
Robert Mathews, appellant.


Robert Mathews, Hartsdale, NY, appellant pro se.
Robert D. Siano, White Plains, NY, for respondent.
Maria J. Frank, Yorktown Heights, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Supreme Court, Westchester County (IDV Part) (Susan M. Capeci, J.), entered January 22, 2018. The order, insofar as appealed from, upon renewal, only decreased the mother's award for counsel fees from the sum of $60,000 to the sum of $30,000.
ORDERED that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for a hearing and new determination on the issues of the amount of counsel fees the mother incurred in the custody proceeding that were outstanding at the time of her original motion for counsel fees and the extent and value of her attorneys' services.
The parties are the parents of one child. The mother commenced this proceeding seeking custody of the child. While the custody proceeding was pending, the parties were also litigating separate family offense and child support proceedings, as well as a partition action regarding their jointly owned home. The mother moved for an award of counsel fees in the amount of $60,000 in the custody proceeding. In an order dated December 7, 2017, the Supreme Court granted the mother's motion. Subsequently, the parties settled the custody proceeding. Thereafter, the father moved, inter alia, for leave to renew his opposition to the mother's motion for an award of counsel fees. Upon renewal, the Supreme Court adhered to its determination to award the mother counsel fees, but decreased the award from $60,000 to $30,000. The father appeals.
The court in a custody proceeding has the authority to award counsel fees when the circumstances warrant (see Family Ct Act § 651[b]; Domestic Relations Law § 237[b]; Matter of Tundis v Tundis, 155 AD3d 882, 883; Matter of Catto v Howell, 144 AD3d 1146, 1147). The award of reasonable counsel fees is a matter entrusted to the trial court's sound discretion (see Matter of Zaydenverg v Zaydenverg, 151 AD3d 871, 872, Matter of Feng Lucy Luo v Yang, 104 AD3d 852). Such an award "is to be based on the financial circumstances of the parties and the circumstances of the case as a whole, which may include the relative merit of the parties' positions, but should not be predicated solely on who won and who lost" (Matter of O'Neil v O'Neil, 193 AD2d 16, 20; see Matter of Tundis v Tundis, 155 AD3d at 883).
Here, upon renewal, the Supreme Court providently exercised its discretion in awarding the mother counsel fees, based on the court's interactions with the parties, the court's [*2]participation in the custody proceeding, and the court's determination that the father had unnecessarily prolonged the litigation of the custody proceeding (see Matter of Zaydenverg v Zaydenverg, 151 AD3d at 872; Matter of Tuglu v Crowley, 96 AD3d 862, 863).
However, the billing records and other evidence submitted by the mother in support of her motion were insufficient to demonstrate that the $30,000 in counsel fees the Supreme Court awarded upon renewal were all incurred in the context of the custody proceeding, and not the parties' separate family offense and child support proceedings pending before the court, or the partition action pending before a different court. Inasmuch as the court predicated its award of counsel fees upon the father's dilatory conduct in the custody proceeding alone, the court failed to justify awarding the mother counsel fees to the extent that the counsel fees were incurred in the separate family offense and child support proceedings. Moreover, the court was not empowered to award any fees that may have related to the partition action (see Family Ct Act § 651[b]; Domestic Relations Law § 237[b]; Zeitlin v Zeitlin, 250 AD2d 606).
Moreover, inasmuch as the father objected to the time and value of the mother's attorneys' claimed services, and there is no indication in the record that the father stipulated that an award of counsel fees could be made solely on the papers or otherwise was on notice that the court would adopt that procedure, the Supreme Court was required to hold an evidentiary hearing on this issue (see Tenaglia v Tenaglia, 134 AD3d 801, 803; O'Connor v O'Connor, 89 AD3d 703, 704; Pfluger v Pfluger, 35 AD3d 828, 828-829; cf. Messinger v Messinger, 24 AD3d 631; Sieratzki v Sieratzki, 8 AD3d 552). Contrary to the mother's contention, this is not an issue that requires preservation (see O'Connor v O'Connor, 89 AD3d at 704; Pfluger v Pfluger, 35 AD3d at 828-829). 
Accordingly, we remit the matter to the Supreme Court, Westchester County, for a hearing and determination on the issues of the amount of counsel fees the mother incurred in the custody proceeding that were outstanding at the time of her original motion for counsel fees and the extent and value of her attorneys' services (see Tenaglia v Tenaglia, 134 AD3d at 803; O'Connor v O'Connor, 89 AD3d at 704; Mattana v Mattana, 79 AD2d 702; Zeitlin v Zeitlin, 250 AD2d at 607).
BALKIN, J.P., HINDS-RADIX, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court