Nieves-Iglesias v Iglesias (2020 NY Slip Op 04847)





Nieves-Iglesias v Iglesias


2020 NY Slip Op 04847


Decided on September 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2017-06829
 (Index No. 4611/11)

[*1]Norma Nieves-Iglesias, respondent,
v
Juan Carlos Iglesias, appellant.


Montalbano, Condon & Frank, P.C., New City, NY (David Warren of counsel), for appellant.
Ellen O'Hara Woods, New City, NY, for respondent.



DECISION & ORDER
In a matrimonial action, the defendant appeals from an order of the Supreme Court, Rockland County (Robert M. Berliner, J.), dated May 8, 2017. The order, insofar as appealed from, granted the plaintiff's motion for an award of fees to the extent of awarding her $100,000 in counsel fees and $7,225.95 in appraisal fees.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The parties were married in June 1987 and have two emancipated children. The plaintiff commenced an action for a divorce and ancillary relief in May 2011 and, in January 2015, the parties entered into a stipulation of settlement (hereinafter the stipulation), which was incorporated but not merged into the parties' judgment of divorce (hereinafter the judgment). Pursuant to the stipulation, the parties agreed that the plaintiff would apply "by motion" to the court for a determination of payment by the defendant of the plaintiff's legal and professional fees, including appraisal fees, incurred by the plaintiff in connection with this matrimonial action. The judgment includes the same provision.
As is relevant to this appeal, in April 2016, the plaintiff moved for an award of fees, requesting $167,781.34 in counsel fees and $7,225.95 in appraisal fees. The defendant opposed the motion. In an order dated May 8, 2017, the Supreme Court granted the motion to the extent of awarding the plaintiff $100,000 in counsel fees and $7,225.95 in appraisal fees. The defendant appeals.
Contrary to the defendant's contention, the plaintiff's motion was not untimely, since the Supreme Court specifically retained continuing jurisdiction over the issue of the plaintiff's fees as set forth in both the stipulation and the judgment (see Gilmore v Gilmore, 138 AD2d 347, 347). Likewise, the defendant's contention that the motion should have been denied because the October 2014 statement of net worth submitted by the plaintiff needed to be updated is without merit. The Supreme Court was within its discretion in determining, in effect, that the October 2014 statement of net worth submitted by the plaintiff with her motion was sufficient (see e.g. Kiwon S v Daniel S, 95 AD3d 680, 681). Moreover, the updated statement of net worth submitted by the plaintiff in response to the defendant's contention, inter alia, that the plaintiff was the monied spouse, [*2]demonstrated that the plaintiff's net worth was less at the time of the motion than that set forth in the October 2014 statement.
We also agree with the Supreme Court's determination awarding the plaintiff $100,000 in counsel fees, approximately 60% of what she had requested, and $7,225.95 in appraisal fees. The defendant did not overcome the statutory presumption set forth in Domestic Relations Law § 237(a) that counsel fees should be awarded to the plaintiff, who is the less-monied spouse (see Domestic Relations Law § 237[a]). Further, the record indicates that the defendant took positions during the proceedings that led to delay and unnecessary litigation (see Fredericks v Fredericks, 85 AD3d 1107, 1108). The record also reveals that the wine appraisal by an expert retained by the plaintiff was necessary (see Domestic Relations Law § 237[d]; see generally Lightman v Lightman, 253 AD2d 453, 453).
Contrary to the defendant's contention, the Supreme Court was not required to hold an evidentiary hearing before awarding counsel fees to the plaintiff (see Bengard v Bengard, 5 AD3d 340, 341), as the defendant, pursuant to the parties' stipulation, had consented to the resolution of the issue by motion (see generally Matter of Zaydenverg v Zaydenverg, 151 AD3d 871; Bengard v Bengard, 5 AD3d at 341). Accordingly, the defendant waived his right to a hearing on the matter.
The defendant's remaining contentions, raised for the first time on appeal, are not properly before this Court (see Lainez v Orellana, 174 AD3d 792, 795). In any event, the contentions are without merit.
DILLON, J.P., COHEN, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court