Binn v Binn (2023 NY Slip Op 02759)

Binn v Binn

2023 NY Slip Op 02759

Decided on May 23, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 23, 2023

Before: Webber, J.P., Kern, Oing, Scarpulla, Rodriguez, JJ. 

Index No. 303130/15 Appeal No. 303-303A Case No. 2022-05364 

[*1]Haley Lieberman Binn, Plaintiff-Respondent,
v
Jason Binn, Defendant-Appellant.

Krauss Shaknes Tallentire & Messeri LLP, New York (Valentina Shaknes of counsel), for appellant.
Aronson Mayefsky & Sloan, LLP, New York (Reid A. Aronson of counsel), for respondent.

Order, Supreme Court, New York County (Kelly O'Neill Levy, J.), entered October 19, 2022, which, to the extent appealed from as limited by the briefs, granted plaintiff wife's motion for counsel fees and denied defendant husband's cross-motion for counsel fees, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered July 26, 2022, which, to the extent appealed from as limited by the briefs, held in abeyance plaintiff's motion for counsel fees pending her submission of an updated statement of net worth, unanimously dismissed, without costs, as superseded by the appeal from the October 19, 2022 order.
The court providently exercised its discretion in holding plaintiff's motion in abeyance pending her submission of an updated statement of net worth, instead of denying the motion without prejudice to renewal (see 22 NYCRR 202.16[k][2], [5]; Kiwon S. v Daniel S., 95 AD3d 680, 680-681 [1stDept 2012]; Feinstein v Merdinger, 305 AD2d 115, 115 [1st Dept 2003]). Under the circumstances, directing plaintiff to file an updated statement of net worth, rather than denying the motion with leave to renew, served the interests of justice and judicial economy. Further, the record does not support a finding that defendant was prejudiced by the court's denial of his request to challenge plaintiff's updated statement of net worth.
The court correctly determined that defendant was the monied spouse (see Domestic Relations Law §§ 237[b]; 238), in light of the parties' statements of net worth, which showed that defendant's net worth was more than double that of plaintiff's. Additionally, the finding was proper in view of the parties' earning history and earning potential (see Saunders v Guberman, 130 AD3d 510, 511 [1st Dept 2015]). Defendant's contention that plaintiff concealed income and assets is unsupported by the record. The fact that plaintiff was able to pay her counsel fees does not preclude an award in her favor (see Matter of Dean E.H. v Deborah R., 181 AD3d 536 [1st Dept 2020]); plaintiff is not required to spend down finite assets to cover those fees (see Charpie v Charpie , 271 AD2d 169, 172 [1st Dept 2000]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 23, 2023