■ EDWARD F. PALYSWIAT, Appellant, v MADELYN PALYSWIAT, Respondent. — Appeal from an order of the Supreme Court at Special Term (Ford, J.), entered December 30, 1980 in Saratoga County, which, *inter alia,* directed plaintiff to pay all medical necessities of the infant issue of the parties pursuant to the eighth decretal paragraph of a judgment of divorce granted February 6, 1978. The parties herein were divorced on February 6, 1978, and the instant dispute arose over a medical bill of $84 which was incurred by defendant on behalf of one of her infant daughters for office visits with a pediatrician, Dr. W. Y. Atiya, during February, March, April and May, 1978. When plaintiff subsequently notified Dr. Atiya that he was no longer responsible for his daughters' medical expenses, effective February, 1978, defendant sought by an order to show cause dated September 10, 1980, to have plaintiff held in contempt for failing to comply with the terms and conditions of the parties' divorce decree or, in the alternative, to have plaintiff directed, *inter alia,* to pay all of his daughters' necessary medical expenses, including the $84 owed to Dr. Atiya. Ultimately, Special Term held that plaintiff was required under the eighth decretal paragraph of the judgment of divorce to pay the medical expenses at issue, and it directed him to pay all such expenses, including the outstanding bill of Dr. Atiya. On this appeal, the fundamental question presented for our determination is whether or not the court erred in construing the eighth decretal paragraph of the divorce decree, and we conclude that it did. That provision of the decree provides that: "the plaintiff shall provide for and maintain orthodontic, dental and ophtomology *[sic]* care and necessities for the issue of the marriage". In our judgment, this quoted language, which had its origin in a stipulation of the parties and was incorporated but not merged in the divorce decree, is clear, precise and unambiguous and binds plaintiff to pay not for all of his daughters' medical necessities as found by the court, but only for their orthodontic, dental and ophthalmologic necessities. Had the parties or the court intended to hold plaintiff responsible for all of the medical necessities of the children, this could have been easily accomplished by a provision that plaintiff was to pay for all medical necessities including those relating to orthodontic, dental and ophthalmologic care. Such a provision was never adopted, however, and it is likewise significant that the extent of plaintiff's liability for his children's general medical necessities was plainly established elsewhere in the seventh decretal paragraph of the divorce decree wherein plaintiff was directed to provide and maintain hospitalization insurance, surgical insurance and major medical benefits for the children. Under these circumstances, and there having been no showing of any change in circumstances which would justify a modification of the parties' stipulation or the judgment of divorce (see *Matter of Boden v Boden,* 42 NY2d 210), the order of Special Term must be reversed, insofar as it held that plaintiff was required to pay all of his daughters' necessary medical expenses and directed

the payment of such expenses, including Dr. Atiya's bill. Order modified, on the law, by reversing so much thereof as held that plaintiff was required to pay all of his daughters' medical necessities under the eighth decretal paragraph of the parties' judgment of divorce and directed the payment of such necessities, including Dr. Atiya's bill, and, as so modified, affirmed, without costs. Main, J. P., Mikoll, Yesawich, Jr., Weiss and Herlihy, JJ., concur.