■ JONATHAN MAIMON, Appellant-Respondent, v MALCA MAIMON, Respondent-Appellant.—In an action for a divorce and ancillary relief, the plaintiff husband appeals and the defendant wife cross-appeals from stated portions of a judgment of the Supreme Court, Queens County (Zelman, J.), entered May 11, 1989, which, after a nonjury trial, *inter alia,* awarded the defendant a counsel fee of $10,000 and failed to award the defendant child support of $75 per week for the parties' elder child for the 100-week period from August 3, 1983, to July 1, 1985.

Ordered that the judgment is modified, on the law, the facts, and as a matter of discretion, (1) by deleting from the third decretal paragraph thereof the words "the sum of $29,500" and substituting therefor the words "the sum of $37,000", and (2) by deleting the twelfth decretal paragraph thereof and substituting therefor a provision denying the defendant's application for counsel fees; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiff and the defendant were married in 1967 and have two children, one of whom has now reached his majority. The defendant has throughout the marriage earned more than the plaintiff. At the time of trial, she earned approximately 25% more than he did. Neither party has any significant separate property and, after adjustments for certain credits, they will share equally in the marital assets. Although the defendant contends, *inter alia,* that the $10,000 awarded her as a counsel fee is too low by approximately $35,000, we agree with the plaintiff that, in this case, an award of counsel fees is neither necessary nor appropriate.

The matter of counsel fees is within the court's discretion but is nonetheless to be controlled by the equities of the case and the financial circumstances of the parties *(see,* Domestic Relations Law § 237; *see also, O'Brien v O'Brien,* 66 NY2d 576, 590; *Amodio v Amodio,* 122 AD2d 757, 759, *affd* 70 NY2d 5; *Basile v Basile,* 122 AD2d 759, 760). Inasmuch as the defendant is in a superior financial position to that of the plaintiff, we conclude that it was an improvident exercise of discretion to award her counsel fees.

We have considered the parties' remaining contentions and find them to be without merit. We note, however, that the judgment inexplicably fails to reflect the Supreme Court's

determination that the defendant is entitled to child support of $75 per week for the parties' elder child for the 100-week period from August 3, 1983, to July 1, 1985, for a total sum of $7,500. We thus further modify the judgment to the limited extent indicated. Thompson, J. P., Harwood, Lawrence and Miller, JJ., concur.