■ MARIAMMA KAVANAKUDIYIL, Respondent, v VARGHESE KAVANAKUDIYIL, Appellant. [610 NYS2d 272] —In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Westchester County (Donovan, J.), dated June 20, 1991, which, *inter alia,* after a nonjury trial, (1) granted the plaintiff wife a divorce on the ground of cruel and inhuman treatment, (2) awarded the plaintiff wife custody of the parties' children, (3) directed that, upon the sale of the marital residence, the net proceeds of the sale be divided in the

proportion of 65% to the plaintiff wife and 35% to the defendant husband, and (4) directed that the defendant husband pay $35,229 to the plaintiff wife for counsel fees.

Ordered that the appeal from that portion of the judgment which awarded the plaintiff wife custody of Sobha Kavanakudiyil is dismissed as academic, without costs or disbursements, on the ground that Sobha has now reached her majority; and it is further,

Ordered, that the judgment is modified, as a matter of discretion, by deleting the sixteenth decretal paragraph thereof, awarding the plaintiff counsel fees and substituting therefor a provision denying the plaintiff's application for counsel fees; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff and the defendant were married in 1972 and have two children, one of whom has now reached her majority. Throughout their marriage both parties worked, demonstrating nearly equal earning power. The defendant was, however, unemployed for periods during the duration of the marriage. After living together for years in an atmosphere of alienation and acrimony, in September 1987 the plaintiff filed for divorce.

The defendant challenges the trial court's granting of a judgment of divorce to the plaintiff on the ground of cruel and inhuman treatment on both procedural and substantive grounds. His argument that the trial court improperly considered acts of violence allegedly committed by him against his wife more than five years prior to the commencement of the action is without merit. The court's decision was not based on any acts of violence committed prior to the five-year period. On the merits, the evidence adduced at trial established that the defendant's behavior, including his physical and verbal abuse of the plaintiff and his flagrant involvement in a long-term extramarital relationship, so endangered the plaintiff's mental well-being as to render it unsafe or improper for cohabitation to continue (see, Domestic Relations Law § 170 [1]; Hird v Hird, 170 AD2d 1049; Barry v Barry, 93 AD2d 797).

On the issue of custody, there was no question as to each parent's fitness. A court-appointed psychiatrist described the parties as loving and "highly devoted parents", who laudably insulated their children from their "chronic" acrimony, and the court concurred in this conclusion. The children themselves, who were 16 and 13 years of age, respectively, at the time of trial, expressed a preference to remain with their

mother. "While the express wishes of children are not controlling, they are entitled to great weight, particularly where their age and maturity would make their input particularly meaningful" *(Koppenhoefer v Koppenhoefer,* 159 AD2d 113, 117; *see, Bergson v Bergson,* 68 AD2d 931, 932). Under the circumstances, the court's award of custody to the plaintiff was appropriate.

The Supreme Court's granting of the wife's application for counsel fees was an improvident exercise of discretion. Although the matter of counsel fees is entrusted to the sound discretion of the trial court, it is "nonetheless to be controlled by the equities of the case and the financial circumstances of the parties" *(Maimon v Maimon,* 178 AD2d 635; *see,* Domestic Relations Law § 237 [b]; *Matter of O'Neil v O'Neil,* 193 AD2d 16, 20). Where, as here, neither party has assets greater than, nor earning power far superior to, the other, and the defendant, in fact, was unemployed and in substantial debt at the time of trial, the award was inappropriate *(see, Maimon v Maimon, supra; Pontorno v Pontorno,* 172 AD2d 734).

The defendant's other contentions do not warrant further modification of the judgment. Thompson, J. P., Pizzuto, Santucci and Goldstein, JJ., concur.