■ TOMMY KWONG-YU LEE, Respondent, v OI WA CHAN, Appellant. [664 NYS2d 828] —In an action for a divorce and ancillary relief, the defendant wife appeals from stated portions of a judgment of the Supreme Court, Queens County (Gartenstein, J.H.O.), entered August 26, 1996, which, *inter alia*, (1) awarded the plaintiff husband $38,550 (less a credit to the defendant wife of $2,150), representing one-half of the value of the marital property, (2) directed the defendant wife to turn over to the plaintiff husband certain specified personal property, (3) awarded the plaintiff husband a 1994 Mazda automobile as his sole and separate property, and (4) awarded the plaintiff husband $25,731.38 for counsel fees.

Ordered that the judgment is modified, as a matter of discretion, by deleting the tenth decretal paragraph thereof awarding the plaintiff husband counsel fees and substituting therefor a decretal paragraph denying the husband's application for counsel fees; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court's granting of the husband's application for counsel fees was an improvident exercise of discretion. "Although the matter of counsel fees is entrusted to the sound discretion of the trial court, it is 'nonetheless to be controlled by the equities of the case and the financial circumstances of the parties'" (*Kavanakudiyil v Kavanakudiyil,* 203 AD2d 250, 242, quoting *Maimon v Maimon,* 178 AD2d 635; *see,* Domestic Relations Law § 237 [a]; *Matter of O'Neil v O'Neil,* 193 AD2d 16, 20). We note that the fees charged by the husband's counsel appear to be far in excess of the wife's current ability to pay. Moreover, the husband's income and his earning capacity is clearly greater than the wife's (*see, Maimon v Maimon, supra*).

There is also no basis in the record to support the Supreme Court's determination that the wife engaged in any dilatory or obstructionist tactics in defending the matrimonial action (*cf., Stern v Stern,* 67 AD2d 253; *Schussler v Schussler,* 109 AD2d 875) so that despite her limited financial resources she should be responsible for the husband's counsel fees (*see, Pontorno v Pontorno,* 172 AD2d 734, 735).

The wife's remaining contentions lack merit. Thompson, J. P., Pizzuto, Joy and Florio, JJ., concur.