OPINION OF THE COURT
Margaret Garvey, J.
This court has before it objections to the decision and order of Hearing Examiner J. Radley Herold, dated April 3, 1997. Petitioner objects to the Hearing Examiner’s ruling that respondent is not responsible for any portion of the unreimbursed dental and ophthalmology expenses of the parties’ children. *83 Additionally petitioner objects to the amount of counsel fees that respondent was ordered to pay.
The Hearing Examiner found that the parties were married on June 12, 1971. There are two children of the marriage. The parties entered into a separation agreement on October 14, 1995 which was incorporated, but not merged, into a judgment of divorce entered on December 5, 1994.
The parties’ separation agreement provides in pertinent part as follows: “[t]he husband shall pay to the wife unreimbursed medical expenses in proportion to the parties’ income for all unreimbursed medical expenses”. Petitioner argues that dental and ophthalmology expenses are included in the term “medical expenses”. Respondent argues that they are not included and that, accordingly, he is not required to contribute towards them.
The Hearing Examiner held that the term “medical expenses” as used in the parties’ separation agreement does not include dental and ophthalmology expenses and that, accordingly, respondent was not obligated to contribute towards such expenses. The Hearing Examiner relied on Palyswiat v Palyswiat (84 AD2d 638, appeal dismissed 55 NY2d 1037 [1982]). However, the facts in Palyswiat differ significantly from those in the case at bar. In Palyswiat the parties entered into a separation agreement that was incorporated, but not merged, into a judgment of divorce. The separation agreement provided that “ ‘the plaintiff shall provide for and maintain orthodontic, dental and ophtomology [sic] care and necessities for the issue of the marriage’ ” (Palyswiat v Palyswiat, supra). The issue in Palyswiat was whether or not the parties’ separation agreement obligated the father to pay for the pediatric expenses of his daughter. The court reasoned that the use of the specific terms (i.e., orthodontic, dental and ophthalmology) indicated the intent of the parties was to exclude the general (i.e., medical or pediatric expenses).
Palyswiat (supra) is distinguishable from the case at bar. While the separation agreement in Palyswiat included specific terms which exhibited an intent to exclude the general, the separation agreement in the case at bar uses general terms (i.e., medical) which do not exhibit an intention to exclude the specific (i.e., dental and ophthalmology).
As to whether dental and ophthalmology expenses are included within the meaning of the term “medical expenses”, there is little relevant case law. The issue has yet to be decided by the Court of Appeals or the Appellate Division.
*84 Education Law § 6521 defines the practice of medicine as “diagnosing, treating, operating or prescribing for any human disease, pain, injury, deformity or physical condition.” Both the practices of dentistry and ophthalmology include activities such as diagnosing and treating pain, deformities and physical conditions. Thus, both dentistry and ophthalmology are included within the definition of the practice of medicine. Therefore, dental and ophthalmology expenses should be construed to be included within the meaning of the term medical expenses.
Furthermore, to hold otherwise would, in the case at bar, fly in the face of the apparent intent of the parties as exhibited by prior conduct. Both prior and subsequent to the execution of the separation agreement and up until the instant expenses were incurred, respondent always contributed toward such expenses. Respondent had even reduced to writing his agreement to contribute towards such expenses during the period of time when the children were uninsured.
Accordingly, respondent is directed to contribute towards the unreimbursed dental and ophthalmology expenses of his children in proportion to the parties’ income in accordance with the terms of the parties’ separation agreement and section 413 (1) (c) (5) of the Family Court Act which provides that in determining child support “[t]he court shall prorate each parent’s share of future reasonable health care expenses of the child not covered by insurance in the same proportion as each parent’s income is to the combined parental income.” According to the financial documentation submitted by the parties and admitted into evidence at the hearing, both petitioner and respondent earned a combined total income of $128,047 in 1996. Respondent’s income was $73,000 or 57% of the combined total parental income and petitioner earned $55,047, or 43%. Respondent is responsible for 57% of all the unreimbursed medical expenses of the children, including dental and ophthalmology expenses. At issue is a total of $903.75 in unreimbursed expenses. Respondent is therefore responsible for 57% of those expenses or $515.14.
With respect to the remaining issue raised by the petitioner in her objection, namely the issue of counsel fees, petitioner’s request is denied. In determining the amount of counsel fees awarded petitioner, the Hearing Examiner properly took into consideration the amount of time spent on the various issues raised in petitioner’s petition, the merit of the issues raised, and the reasonableness of the respondent’s contesting said is *85 sues. The court therefore concludes that the award of counsel fees by the Hearing Examiner was not an improvident exercise of discretion. (See, Maimon v Maimon, 178 AD2d 635 [2d Dept 1991].) Accordingly, the judgment of the Hearing Examiner with respect to counsel fees should not be disturbed.
The Hearing Examiner’s decision and order is modified to require respondent to pay 57% of the children’s future unreimbursed dental and ophthalmological expenses. Respondent’s current obligation is $515.14 for the outstanding expenses. The decision and order of the Hearing Examiner is in all other respects affirmed.