■ CARMELA MASTRANDREA, Respondent, v ROCCO MASTRANDREA, Appellant. [702 NYS2d 19] —Judgment, Supreme Court, Bronx County (Judith Gische, J.), entered on or about September 17, 1998, *inter alia*, dissolving the parties' marriage and distributing the marital assets, as corrected by order of the same court and Justice entered August 20, 1999, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered on or about September 8, 1998, which denied defendant's motion for a new hearing on equitable distribution, unanimously dismissed, without costs, as subsumed within the appeal from the judgment.

Defendant contends that he should have been afforded a new hearing on equitable distribution because he was denied effective representation by counsel. Defendant's counsel notified the court at a hearing held on March 22, 1996, that defendant was considering hiring new counsel. Defendant's counsel subsequently moved for and was granted permission to withdraw as counsel on June 11, 1997, and the matter was adjourned until November 1997. When defendant appeared at the hearing before the Special Referee on November 13, 1997, he was informed that no further adjournments would be granted and was forced to proceed *pro se*. Defendant was given sufficient time to secure counsel and cannot now claim prejudice from his own failure to do so (*see, Deitz v Deitz*, 245 AD2d 638; *Tesoriero v Tesoriero*, 114 AD2d 1027). Moreover, defendant has failed to establish that the outcome of the equitable distribution hearing would have been different had he timely secured replacement counsel.

Defendant's contention that the court inappropriately distributed assets based upon a valuation date prior to the date of the service of the summons and complaint is without merit. The valuation date of May 1994, about which defendant

complains, was the result of a typographical error subsequently corrected in an order entered on or about August 20, 1999. The marital bank account, which contained $31,481 in May 1997, was appropriately distributed equally between the parties.

Also without merit is defendant's assertion that the trial court erred when it ordered him to pay plaintiff's counsel fees. The award of reasonable counsel fees is a matter within the sound discretion of the trial court (*see, Decabrera v Cabrera-Rosete*, 70 NY2d 879, 881). Here, the court properly concluded that defendant's conduct, including his inappropriate attempt to sell one of the marital residences to a friend, caused plaintiff to incur additional attorney's fees (*see, Morrissey v Morrissey*, 259 AD2d 472). Concur—Sullivan, J. P., Williams, Rubin, Buckley and Friedman, JJ.