■ CATHERINE A. COLE, Appellant, v JOHN H. COLE, Respondent. [724 NYS2d 911] —In an action for a divorce and ancillary relief, the plaintiff appeals from an order of the Supreme Court, Westchester County (Shapiro, J.), entered July 14, 2000, which granted the defendant's application for counsel fees to the extent that it awarded the defendant counsel fees in the sum of $42,503.50, and denied her application for counsel fees.

Ordered that on the Court's own motion, the notice of appeal from the order entered July 14, 2000, is treated as an application for leave to appeal, and leave to appeal is granted (*see,* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, on the law, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings in accordance herewith; and it is further,

Ordered that one bill of costs is awarded to the appellant.

It is well settled that although the matter of counsel fees is entrusted to the sound discretion of the trial court, such an award is nonetheless controlled by the equities of the case and the financial circumstances of the parties (*see,* Domestic Relations Law § 237 [b]; *Lee v Oi Wa Chan,* 245 AD2d 270; *Kavanakudiyil v Kavanakudiyil,* 203 AD2d 250). Here, at the conclusion of a trial on the issue of custody in this action, both parties made applications for an award of counsel fees. However, neither party filed a statement of net worth with their application as required by 22 NYCRR 202.16 (k) (2), and the order does not indicate that the Supreme Court took the parties' relative financial circumstances into consideration. The matter must therefore be remitted to the Supreme Court

for a new determination in accordance herewith, made after receipt of a statement of net worth from both parties. Further, the Supreme Court should consider only egregious matrimonial fault in making its award (*see, Weinstock v Weinstock,* 114 AD2d 450), and should not include in such an award counsel fees incurred as a result of the application for such fees (*see, Zeitlin v Zeitlin,* 250 AD2d 606). O'Brien, J. P., Krausman, Goldstein, Schmidt and Crane, JJ., concur.