■ NATHAN CELAURO, Appellant, v SUSAN CELAURO, Respondent. [744 NYS2d 46] —In a matrimonial action in which the parties were divorced by judgment dated May 10, 2000, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Brandveen, J.), entered March 20, 2001, as, after a hearing, denied those branches of his motion which were for a downward modification of his maintenance and child support obligations, and granted the defendant's cross motion for an award of an attorney's fee.

Ordered that the order is modified, on the law, the facts, and as a matter of discretion, by deleting the provision thereof granting the cross motion and substituting therefor a provision denying the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff moved for a downward modification of his maintenance and child support obligations because of a change in the circumstances of the defendant former wife, following entry of the judgment of divorce. The defendant had testified during the pendency of the divorce action that she intended, after the postdivorce sale of the marital residence, to buy a replacement house for approximately $350,000. Instead, within days of closing the sale of the marital residence, she and the parties' three children moved into the house owned by her boyfriend's parents. The defendant had also projected her monthly expenses at $9,922 for the period after she would buy this new house. Her projection contained expenses about which she admittedly lied. These expenses, after moving in with her boyfriend, turned out to be between 10% and 20% of her earlier projection.

Based on the defendant's reduced expenses in comparison with her projection during the divorce trial, the plaintiff moved for a downward modification of 50%, or slightly more. The Supreme Court properly denied this motion. Maintenance and

child support had been fixed with a view to the factors of Domestic Relations Law § 236 (B) (6), and the child support was calculated under Domestic Relations Law § 240 (1-b) (f) with an excess based on the plaintiff's earnings and the parties' prior standard of living. Nowhere in its calculations of maintenance and child support, or in its findings of fact, did the Supreme Court rely on the defendant's projection of her expenses. Consequently, the change in circumstances relating to the defendant's expenses could not supply a basis for a downward modification (*see* Domestic Relations Law § 236 [B] [9] [b]).

With regard to the defendant's cross motion for an attorney's fee, such fees and related expenses may be awarded "as, in the court's discretion, justice requires, having regard to the circumstances of the case and of the respective parties" (Domestic Relations Law § 237 [b]). The court should look to the financial circumstances of the parties and all other circumstances of the case (*see DeCabrera v Cabrera-Rosete,* 70 NY2d 879, 881). These other circumstances include consideration of the equities of the case (*see Kwong-Yu Lee v Oi Wa Chan,* 245 AD2d 270; *Maimon v Maimon,* 178 AD2d 635; *cf. O'Shea v O'Shea,* 93 NY2d 187, 191 n 3).

Under the circumstances of this case, the defendant's change in plan appropriately elicited the plaintiff's application for a downward modification. In addition, because she did not buy a new house, the defendant retains a large portion of her equitable distribution with which she is more than capable of paying her own attorney. Thus, the equities and the defendant's financial circumstances impel a denial of her cross motion for an attorney's fee. O'Brien, J.P., Friedmann, H. Miller and Crane, JJ., concur.