STATE OF NEW YORK ex rel. DULCIE D. GERSTEIN, on Behalf of THEODORE S. GERSTEIN, Appellant, v ERIC GERSTEIN, Respondent. (And Related Proceedings.) [755 NYS2d 408] —In a habeas corpus proceeding pursuant to Family Court Act § 651 that was transferred from the Supreme Court, Nassau County, to the Family Court, Orange County, the petitioner appeals from an order of the Family Court, Orange County (Klein, J.), dated October 2, 2001, which denied her posthearing motion pursuant to Family Court Act § 651 and Domestic Relations Law § 237 (b) for an award, inter alia, of an attorney's fee and for other expenses arising from the respondent's failure to comply with scheduled visitation.

Ordered that the order is modified by deleting the provisions thereof denying those branches of the motion which were for an award of an attorney's fee in the sum of $3,000, and for $714.25 in travel-related expenses, and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed, with costs to the appellant.

The petitioner, Dulcie Dee Gerstein (hereinafter the mother) and the respondent, Eric Gerstein (hereinafter the father), were once married and are the parents of a son (hereinafter

the child), born on March 15, 1997. Sometime in 2000, the father commenced an action for a divorce and ancillary relief in the Supreme Court, Orange County, and on April 23, 2001, the parties entered into a stipulation of settlement settling that action (hereinafter the stipulation). Insofar as is relevant to this appeal, the parties agreed that the father would have custody of the child, while the mother, who relocated to California, would have visitation for a period of four continuous weeks during the summer. The mother was responsible for her own travel expenses and those of the child. The stipulation was merged, but not incorporated, into a subsequent judgment of divorce which was entered on June 7, 2001.

In July 2001 the mother's attorney informed the father, as required by the stipulation, that the mother's four-week visitation period would run from August 6th through September 4th. Having received no objection from the father, the mother arrived in New York on August 6th intending to pick up the child. Apparently, the father telephoned the mother while she was en route to New York and left a message to the effect that he would not permit the scheduled visitation with the child. When the mother arrived in New York, the father refused to turn over the child for the scheduled visitation.

The mother commenced this proceeding in the Supreme Court, Nassau County, for a writ of habeas corpus to compel the father to produce the child and to grant her visitation with the child. The matter was transferred to the Family Court, Orange County, to be heard with a proceeding the father had commenced seeking to modify the visitation as provided for in the stipulation. After a hearing, the Family Court granted the writ of habeas corpus and the father's petition was dismissed. Thereafter, the mother moved pursuant to Family Court Act § 651 and Domestic Relations Law § 237 (b) for an award, inter alia, of an attorney's fee, costs, disbursements, and expenses incurred in connection with bringing this proceeding, and directing the father to pay her for additional travel expenses which she incurred as a result of his refusal to comply with the stipulation. Although the father did not oppose it, the Family Court denied the motion. On the mother's appeal, we modify by granting the motion to the extent of awarding her an attorney's fee in the sum of $3,000 in connection with her commencement of this proceeding and the sum of $714.25 in connection with her additional travel-related expenses.

Pursuant to Family Court Act § 651 (a) and Domestic Relations Law § 237 (b), the Family Court was authorized to grant that branch of the mother's motion which was for an award of

an attorney's fee (*see O'Neil v O'Neil*, 193 AD2d 16, 18). "Although the matter of counsel fees is entrusted to the sound discretion of the trial court, it is 'nonetheless to be controlled by the equities of the case and the financial circumstances of the parties'" (*Kavanakudiyil v Kavanakudiyil*, 203 AD2d 250, 252, quoting *Maimon v Maimon*, 178 AD2d 635; *see Lee v Chan*, 245 AD2d 270). Considering the equities and relevant circumstances, the Family Court improvidently exercised its discretion in denying an attorney's fee. The father's conduct in failing to produce the child for visitation with the mother, which was provided for in the stipulation signed only slightly more than three months earlier, resulted in unnecessary litigation and caused the mother to incur an additional attorney's fee (*see Morrissey v Morrissey*, 259 AD2d 472, 473; *Mastrandrea v Mastrandrea*, 268 AD2d 293, 294). An award of an attorney's fee of $3,000 is appropriate.

The mother is also entitled to the sum of $714.25 in additional travel-related expenses incurred as a result of the father's actions. The mother paid a total of $609.50 for two one-way tickets for herself and the child from New York to Oakland, plus $104.75 for a one-way ticket for the child to return to New York.

The mother's remaining contentions are without merit. Smith, J.P., Goldstein, Friedmann and McGinity, JJ., concur.