■ LINDA KANE, Respondent, v MATTHEW RUDANSKY, Appellant. [804 NYS2d 93]—In a matrimonial action in which the parties were divorced by judgment dated August 27, 2002, the defendant appeals from (1) an order of the Supreme Court, Westchester County (Donovan, J.), dated July 15, 2004, which granted the plaintiff's motion for fees paid by her to the Law Guardian in the principal sum of $5,893.81, and an attorney's fee and related expenses in the sum of $30,904.48, (2) a money judgment of the same court dated August 6, 2004, which, upon the order, is in favor of the Law Guardian and against him in the principal sum of $5,893.81, and (3) a money judgment of the same court dated September 13, 2004, which, upon the order, is in favor of the plaintiff and against him in the principal sum of $30,904.48.

Ordered that the order and the money judgments are reversed, on the law and the facts, with costs, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings in accordance herewith.

The Supreme Court improvidently exercised its discretion in granting the plaintiff's motion for fees paid by her to the Law Guardian, an attorney's fee, and related expenses. Although such fees and related expenses are entrusted to the sound discretion of the court, they are nonetheless to be controlled by the equities of the case and the financial circumstances of the parties (*see* Domestic Relations Law § 237 [b]; *State of New York ex rel. Gerstein v Gerstein*, 302 AD2d 447 [2003]; *Celauro v Celauro*, 295 AD2d 388, 389 [2002]; *Kavanakudiyil v Kavanakudiyil*, 203 AD2d 250, 252 [1994]; *Maimon v Maimon*, 178 AD2d 635 [1991]; *Borakove v Borakove*, 116 AD2d 683 [1986]).

With regard to the relative merits of the parties' claims, the Supreme Court erroneously concluded that the defendant's prior motion to compel compliance with the divorce stipulation's visitation schedule was frivolous (*see Levy v Levy*, 4 AD3d 398 [2004]; *Kwong-Yu Lee v Oi Wa Chan*, 245 AD2d 270 [1997]; *Borakove v Borakove, supra*). In addition, the Supreme Court failed to consider the financial circumstances of the parties. Accordingly, we remit the matter to the Supreme Court, Westchester County, for a hearing to consider the parties' relative financial positions.

We note that the mother failed to file a statement of net worth with her application as required by 22 NYCRR 202.16 (k) (2). The new determination should be made only after receipt of a statement of net worth from both parties (*see* 22 NYCRR 202.16 [k] [2]; *Cole v Cole*, 283 AD2d 602 [2001]). Schmidt, J.P., Santucci, Krausman and Covello, JJ., concur.