■ MARY FROST, Appellant, v WILLIAM GOLDBERG, Respondent. [818 NYS2d 533]—

In a matrimonial action in which the parties were divorced by judgment dated March 20, 2001, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Barros, J.), dated November 4, 2004, as denied that branch of her motion which was to disaffirm the portion of a report of a Judicial Hearing Officer (Platt, J.H.O.) dated July 13, 2004, which recommended that the plaintiff reimburse the defendant the sum of $12,400 in fees paid by the defendant to the Law Guardian and granted that branch of the cross motion of the defendant which was to confirm that portion of the report.

Ordered that the order is reversed, on the law, with costs, that branch of the motion which was to disaffirm the portion of the report of the Judicial Hearing Officer which recommended that the plaintiff reimburse the defendant the sum of $12,400 in fees paid by the defendant to the Law Guardian is granted, that branch of the cross motion which was to confirm that portion of the report is denied, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith.

The Supreme Court improvidently exercised its discretion in declining to disaffirm and in confirming that portion of the Judicial Hearing Officer's report which recommended that the plaintiff reimburse the defendant the sum of $12,400 in fees paid by the defendant to the Law Guardian. "Although such fees and related expenses are entrusted to the sound discretion of the court, they are nonetheless to be controlled by the equities of the case and the financial circumstances of the parties"

(*Kane v Rudansky,* 23 AD3d 349, 350 [2005]; *see* Domestic Relations Law § 237 [b]; *Cole v Cole,* 283 AD2d 602 [2001]).

Here, the Judicial Hearing Officer failed to consider the financial circumstances of the parties. The defendant failed to file a current statement of net worth with his cross motion, as required by 22 NYCRR 202.16 (k) (2) (*see Kane v Rudansky, supra*). In addition, the plaintiff did not file a statement of net worth with the court. Accordingly, we remit the matter to the Supreme Court, Kings County, for a hearing to consider the parties' relative financial positions, and for a new determination on the issue of reimbursement of fees paid to the Law Guardian (*see Kane v Rudansky, supra*). The new determination should be made only after receipt of a statement of net worth from both parties (*see* 22 NYCRR 202.16 [k] [2]; *Kane v Rudansky, supra*; *Cole v Cole, supra* at 602-603). Florio, J.P., Santucci, Rivera and Fisher, JJ., concur.