■ In the Matter of DONALD COOKE III, Appellant, v KIMBERLY A. ALAIMO, Respondent. [843 NYS2d 365]—

In a child custody proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Suffolk County (Snellenburg, J.H.O.), dated September 27, 2006, which, after a hearing, inter alia, granted the mother's cross petition for leave to relocate the child to Florida and awarded her an attorney's fee in the sum of $7,500.

Ordered that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof awarding the mother an attorney's fee in the sum of $7,500; as so modified, the order is affirmed, without costs or disbursements.

The Family Court's determination that relocation of the parties' child to Florida was in the best interests of the child is supported by a sound and substantial basis in the record (*see Matter of Tropea v Tropea,* 87 NY2d 727, 739 [1996]; *Matter of Fegadel v Anderson,* 40 AD3d 1091 [2007]; *Tornheim v Tornheim,* 28 AD3d 535 [2006]). While the father's loss of midweek and alternate weekend visitation is not insignificant, the visitation schedule allows for the continuation of a meaningful relationship between the father and the child (*see Matter of Tropea v Tropea,* 87 NY2d at 727; *Matter of Wisloh-Silverman v Dono,* 39 AD3d 555, 557 [2007]).

However, the Family Court improvidently exercised its discretion in awarding the mother an attorney's fee in the sum of $7,500 since neither party filed an affidavit of net worth as

required by 22 NYCRR 202.16 (k) (2). Thus, no fee award was warranted in this matter. Under the circumstances of this case, we do not consider it appropriate to remit this matter to the Family Court, Suffolk County, for a hearing (see Domestic Relations Law § 237 [b]; cf. Frost v Goldberg, 31 AD3d 374 [2006]; Kane v Rudansky, 23 AD3d 349, 350 [2005]). Schmidt, J.P., Santucci, Florio and Dillon, JJ., concur.