◼ DALE REBECCA SCHIFFER, Appellant, v TODD JAY SCHIFFER, Respondent. [866 NYS2d 235]—

In an action for a divorce and ancillary relief, the plaintiff appeals from an order of the Supreme Court, Westchester County (Scarpino, J.), entered July 26, 2007, which denied her postjudgment motion for an award of an attorney's fee.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's post-judgment motion which was for an award of attorney's fees incurred in attempting to enforce two money judgments entered against the defendant and substituting therefor a provision granting that branch of the motion to the extent of awarding the plaintiff an attorney's fee in the sum of $29,806.07, and otherwise denying that branch of the motion; as so modified, the order is affirmed, with costs to the plaintiff.

The plaintiff former wife sought an award of an attorney's fee in the sum of $52,298.19, only $6,097.50 of which was incurred in defending against the defendant former husband's postjudgment motion for a downward modification of his child support obligation. The balance of $46,200.69 was incurred in an effort to enforce two money judgments based on prior attorney's fee awards in the amounts of $95,000 and $151,175.93, respectively, and for those fees incurred in making the fee application itself. The Supreme Court denied the plaintiff's motion in its entirety in view of resources available to her from the equitable distribution of marital property, maintenance awarded to her, her income capacity, and the defendant's obligation for child support.

Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in denying that branch of her motion which was for an award of attorney's fees incurred in defending against the defendant's successful motion for a downward modification of child support (see Domestic Relations Law § 237 [b]; O'Shea v O'Shea, 93 NY2d 187 [1999]; Celauro v Celauro, 295 AD2d 388, 389 [2002]).

However, the Supreme Court improvidently exercised its discretion in denying that branch of the plaintiff's motion which was for an award of attorney's fees incurred in attempting to enforce the two money judgments and in making the fee application itself (see Domestic Relations Law § 238). The Supreme Court failed to sufficiently consider the defendant's recalcitrance in light of his evident ability to pay the money judgments (see Fabrikant v Fabrikant, 19 NY2d 154 [1967]; Rubin v Rubin, 67 AD2d 856 [1979]; cf. Domestic Relations Law § 246).

The Supreme Court properly determined, however, that the plaintiff was not entitled to an award of an attorney's fee incurred with respect to the restraining notices and prior motions involving the enforcement of the judgment, as these notices and motions were subsequently withdrawn after successful negotiations (see Canick v Canick, 122 AD2d 767, 769 [1986]). Excluding these services from the total claimed by the plaintiff,

and accepting the unchallenged validity of the statement of services set forth in the affidavit of the plaintiff's attorney, the claimed amount must be reduced to the sum of $29,806.07, which accounts for services rendered in obtaining and entering the second money judgment, engaging in negotiations, incurring miscellaneous legal expenses, and making the fee application itself. Inasmuch as the matter need not be remitted for a hearing (*see DeJesus v DeJesus*, 264 AD2d 436, 437 [1999]), we modify the order and award the plaintiff an attorney's fee in the sum of $29,806.07. Skelos, J.P., Fisher, Dickerson and Belen, JJ., concur.