■ In the Matter of JULIA SHVETSOVA, Respondent, v KONSTANTIN PADERNO, Appellant. [924 NYS2d 412]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Kings County (Graham, J.), dated June 14, 2010, which denied his objection to so much of an order of the same court (Mayeri, S.M.), dated November 27, 2009, as granted the mother's motion for an award of an attorney's fee and awarded her the sum of $11,500.

Ordered that the order dated June 14, 2010, is reversed, on the law, without costs or disbursements, so much of the order dated November 27, 2009, as granted the mother's motion for an award of an attorney's fee and awarded her the sum of

$11,500 is vacated, and the matter is remitted to the Family Court, Kings County, for a new determination of the mother's motion in accordance herewith.

"Although the matter of counsel fees is entrusted to the sound discretion of the trial court, it is nonetheless controlled by the equities of the case and the financial circumstances of the parties" (*Popelaski v Popelaski*, 22 AD3d 735, 738 [2005]; *see* Domestic Relations Law § 237 [a]; *Cole v Cole*, 283 AD2d 602 [2001]; *Kwong-Yu Lee v Oi Wa Chan*, 245 AD2d 270 [1997]). "A court must consider the relative merits of the parties' claims and their respective financial positions" (*Levy v Levy*, 4 AD3d 398, 398 [2004]; *see Merzon v Merzon*, 210 AD2d 462, 464 [1994]; *Borakove v Borakove*, 116 AD2d 683, 684 [1986]).

The attorney's fee at issue was awarded to the mother for legal fees she incurred in defending against the father's petition for a downward modification of his child support obligation, and in prosecuting her petition to hold the father in civil contempt for his alleged violation of a prior support order. In a related appeal, we are reversing the Family Court's denial of the father's petition for downward modification of his child support obligation and remitting the matter to the Family Court, Kings County, for a new determination of the father's child support obligation and arrears (*see Matter of Shvetsova v Paderno*, 84 AD3d 1095 [2011] [decided herewith]). In light of our decision and order in the related appeal, we must reverse the award of an attorney's fee to the mother insofar as it was in connection with her defense against the father's petition (*see Matter of Maute v Maute*, 228 AD2d 444, 445 [1996]). In addition, in the same related appeal, we are reversing the Family Court's finding that the father willfully violated the prior support order. Therefore, although the Family Court Act provides for the award of an attorney's fee to a prevailing party in connection with a violation proceeding (*see* Family Ct Act § 438 [b]), here, the mother is not entitled to such an award (*see Matter of Romanello v Davis*, 49 AD3d 652, 654 [2008]).

Accordingly, after the Support Magistrate makes a new determination of the father's petition for a downward modification of his child support obligation, in accordance with our decision and order in the related appeal, the Support Magistrate shall make a new determination on the mother's motion for an award of an attorney's fee. Any award of an attorney's fee, if warranted, shall be limited to fees incurred in connection with the mother's defense against the father's petition. Dillon, J.P., Florio, Balkin and Eng, JJ., concur.