■ Marco Battistella, Appellant, v Marnie Ann Joyce, Respondent. [27 NYS3d 376]—

Judgment, Supreme Court, New York County (Laura E. Drager, J.), entered May 13, 2014, to the extent appealed from as limited by the briefs, awarding primary residential custody of the parties' children to defendant wife, with liberal visitation to plaintiff husband, awarding defendant child support, and directing plaintiff to pay a portion of the rent arrears on the former marital apartment, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered on or about September 19, 2013, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The record belies plaintiff's claim that he was not given suf-

ficient opportunity to present evidence and cross-examine witnesses and to reserve arguments as to disclosure. Moreover, plaintiff had ample opportunity to review and digest the forensic evaluation report before trial. The record also shows that it was plaintiff's choice to proceed pro se (see *Mastrandrea v Mastrandrea*, 268 AD2d 293 [1st Dept 2000]).

The court properly granted primary residential custody of the children with final decision-making authority to defendant and liberal visitation to plaintiff pursuant to a parenting time schedule (see *Eschbach v Eschbach*, 56 NY2d 167, 173-174 [1982]).

The court properly awarded child support to defendant based upon evidence of the parties' respective incomes (see e.g. *Matter of Cassano v Cassano*, 85 NY2d 649 [1995]).

The court properly determined that plaintiff was responsible for rent arrears accumulated before he moved out of the marital residence.

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Renwick, Moskowitz, Kapnick and Kahn, JJ.