Matter of Castelli v Maiuri-Castelli (2021 NY Slip Op 05558)





Matter of Castelli v Maiuri-Castelli


2021 NY Slip Op 05558


Decided on October 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
BETSY BARROS
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.


2021-01965
 (Docket No. F-5974-16/20F)

[*1]In the Matter of James D. Castelli, appellant,
v
Marcella Maiuri-Castelli, respondent.


James D. Castelli, East Meadow, NY, appellant pro se.
Law Office of Dawn L. Hargraves, PLLC, Bay Shore, NY, for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Nassau County (Linda K. Mejias, J.), dated March 3, 2021. The order, insofar as appealed from, denied the father's objections to so much of an order of the same court (Adam E. Small, S.M.) dated November 4, 2020, as, after a hearing and upon findings of fact dated November 4, 2020, denied that branch of his petition which was for a downward modification of his basic child support obligation. The notice of appeal from the order dated November 4, 2020, is deemed to be a notice of appeal from the order dated March 3, 2021 (see CPLR 5512[a]).
ORDERED that the order dated March 3, 2021, is reversed insofar as appealed from, on the law, with costs, the father's objections to so much of the order dated November 4, 2020, as denied that branch of his petition which was for a downward modification of his basic child support obligation are granted, that portion of the order dated November 4, 2020, is vacated, and the matter is remitted to the Family Court, Nassau County, for a new determination of that branch of the father's petition which was for a downward modification of his basic child support obligation.
The parties are the formerly married parents of two children. By judgment of divorce entered February 17, 2017, the father was directed to pay basic child support to the mother in the amount of $768.59 per week, as well as 100% of the children's health insurance premiums, unreimbursed medical and dental expenses, child care, and life insurance premiums. In 2019, the father's weekly basic child support obligation was increased to $854 pursuant to a cost of living adjustment.
The father filed a petition dated February 10, 2020, for a downward modification of his child support obligation, alleging that the mother's income had increased by more than 15% since entry of the judgment of divorce. The father also requested a commensurate decrease in his pro rata share of the children's health insurance premiums, unreimbursed medical and dental expenses, child care, and life insurance premiums. At a hearing on the petition, the father submitted evidence that the parties' respective existing child support obligations were calculated based upon a gross income of $0 for the mother, who was unemployed at the time of entry of the judgment of divorce, and a gross income of $175,269.25 for the father, who was employed as an attorney. The father also submitted evidence that the mother had since obtained employment with the County of Nassau, and [*2]that, in 2019, she earned a gross salary of $44,366. In addition, the father testified that he had been suspended from the practice of law on July 1, 2015, prior to entry of the judgment of divorce, and introduced evidence that, in 2019, he earned a gross salary of $58,038.38. After the hearing, in an order dated November 4, 2020, the Support Magistrate granted the father's petition to the extent of directing that the father would be responsible for 77% and the mother responsible for 23% of the children's health insurance premiums, unreimbursed medical and dental expenses, child care, and life insurance premiums, and otherwise denied the petition. The Support Magistrate acknowledged in his findings of fact that the mother's income had "increased substantially" since entry of the judgment of divorce, but nevertheless denied that branch of the father's petition which sought a downward modification of his basic child support obligation, explaining that "[b]ecause the [father's] loss of income is an apparent result of his own voluntary actions, it would be impermissible, under current case law, to grant his request to reduce his ongoing child support obligation." The father filed objections to so much of the Support Magistrate's order as denied that branch of his petition which was for a downward modification of his basic child support obligation. By order dated March 3, 2021, the Family Court denied the father's objections. The father appeals.
"The party seeking modification of an order of child support has the burden of establishing the existence of a substantial change in circumstances warranting the modification" (Matter of Vetrano v Vetrano, 177 AD3d 890, 891; see Matter of Baumgardner v Baumgardner, 126 AD3d 895, 896-897). "In determining whether there has been a change in circumstances warranting modification of a parent's child support obligation, the court must consider several factors, including the increased needs of the children, the increased cost of living insofar as it results in greater expenses for the children, a loss of income or assets by a parent or a substantial improvement in the financial condition of a parent, and the current and prior lifestyles of the children" (Matter of Baumgardner v Baumgardner, 126 AD3d at 897 [internal quotation marks omitted]; see Matter of Brescia v Fitts, 56 NY2d 132, 141). In addition, the court may modify an order of child support "where three years have passed since the order was entered, last modified or adjusted; or . . . [where] there has been a change in either party's gross income by 15% or more since the order was entered, last modified or adjusted" (Family Ct Act § 451[3][b][i], [ii]; see Matter of Vetrano v Vetrano, 177 AD3d at 891).
Here, the Family Court should have granted the father's objections to so much of the Support Magistrate's order as denied that branch of his petition which was for a downward modification of his basic child support obligation. The father's evidence demonstrated that the mother's income had increased by more than 15% since entry of the judgment of divorce, which warranted a new determination of the parties' respective child support obligations (see Family Ct Act § 451[3][b][i], [ii]; Matter of Vetrano v Vetrano, 177 AD3d at 892). Contrary to the finding of the Support Magistrate, the increase in the mother's income entitles the father to new determination of the parties' respective basic child support obligations, irrespective of whether any decrease in the father's income may also properly be considered (see Matter of Vetrano v Vetrano, 177 AD3d at 892).
Accordingly, the Family Court should have granted the father's objections to so much of the Support Magistrate's order as denied that branch of his petition which was for a downward modification of his basic child support obligation. We remit the matter to the Family Court, Nassau County, for a new determination of that branch of the petition.
CHAMBERS, J.P., BARROS, WOOTEN and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court