Matter of Cywiak v Packman (2023 NY Slip Op 01088)

Matter of Cywiak v Packman

2023 NY Slip Op 01088

Decided on March 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ANGELA G. IANNACCI
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2022-01133
 (Docket Nos. F-3205-15/19G, F-3205-15/20J)

[*1]In the Matter of Michael Maier Cywiak, appellant,
v
Michal Packman, respondent.

Michael Maier Cywiak, Monsey, NY, appellant pro se.
Miller Zeiderman LLP, White Plains, NY (Lisa Zeiderman of counsel), for respondent.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Westchester County (Wayne A. Humphrey, J.), dated January 6, 2022. The order denied the father's objections to an order of the same court (Rosa Cabanillas-Thompson, S.M.) dated October 13, 2021, which, after a hearing, dismissed the father's petitions for a downward modification of his child support obligation.
ORDERED that the order dated January 6, 2022, is affirmed, without costs or disbursements.
The parties are the parents of two children. In an order dated September 16, 2016 (hereinafter the 2016 order), the father was directed to pay basic child support and childcare expenses. In 2019 and 2020, the father commenced separate proceedings for a downward modification of his child support obligation, alleging that there had been a substantial change in circumstances in that his income had decreased. Following a hearing, in an order dated October 13, 2021, the Support Magistrate dismissed the petitions, finding that the father failed to demonstrate a substantial change in circumstances or that his gross income had decreased by 15% or more. In an order dated January 6, 2022, the Family Court denied the father's objections to the Support Magistrate's order. The father appeals.
"The court may modify an order of child support . . . upon a showing of a substantial change in circumstances" (Family Ct Act § 451[3][a]). "In addition, unless the parties have specifically opted out . . . , the court may modify an order of child support where . . . there has been a change in either party's gross income by [15%] or more since the order was entered [or] modified" (id. § 451[3][b][ii]). "The party seeking modification of an order of child support has the burden of establishing the existence of a substantial change in circumstances warranting the modification" (Matter of Vetrano v Vetrano, 177 AD3d 890, 891; see Matter of Castelli v Maiuri-Castelli, 198 AD3d 752, 753).
"In determining whether there has been a change in circumstances warranting modification of a parent's child support obligation, the court must consider several factors, including the increased needs of the children, the increased cost of living insofar as it results in greater [*2]expenses for the children, a loss of income or assets by a parent or a substantial improvement in the financial condition of a parent, and the current and prior lifestyles of the children" (Matter of Baumgardner v Baumgardner, 126 AD3d 895, 897 [internal quotation marks omitted]; see Matter of Brescia v Fitts, 56 NY2d 132, 141). "A substantial change in circumstances may be measured by comparing the parties' financial situation at the time of the application for modification with that existing at the time the order sought to be modified was issued" (Matter of Oelsner v Heppler, 181 AD3d 916, 917; see Matter of Giraldo v Fernandez, 199 AD3d 796, 799). "Great deference should be given to the credibility determinations of the Support Magistrate, who is in the best position to assess the credibility of the witnesses" (Matter of Hanrahand v Hanrahand, 202 AD3d 679, 680; see Matter of Santman v Schonfeldt, 209 AD3d 742, 743).
Here, the father did not establish either a substantial change in circumstances or a 15% reduction in his income (see Matter of Evans v White, 173 AD3d 864, 865). The father's evidence failed to establish whether he had suffered a reduction in income since the 2016 order, and his evidence showed that the total value of his assets had increased since the 2016 order. Accordingly, the Support Magistrate properly dismissed his modification petitions.
In light of the foregoing, we need not reach the father's contentions regarding his job search. The father's remaining contention is unpreserved for appellate review and, in any event, without merit.
BRATHWAITE NELSON, J.P., IANNACCI, FORD and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court