Shzu v Marrelli (2025 NY Slip Op 06093)

Shzu v Marrelli

2025 NY Slip Op 06093

Decided on November 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
PHILLIP HOM, JJ.

2022-04975
2025-01145
 (Index No. 52789/18)

[*1]Elisa Won-Yun Shzu, respondent, 
v
Jon Jason Marrelli, appellant.

Brian D. Perskin & Associates P.C., Brooklyn, NY (Evan S. Seckular of counsel), for appellant.
Coffinas & Lusthaus, P.C., Brooklyn, NY (Meredith Lusthaus of counsel), for respondent.

DECISION & ORDER
In a matrimonial action in which the parties were divorced by judgment dated October 1, 2020, the defendant appeals from (1) an order of the Supreme Court, Kings County (Theresa M. Ciccotto, J.), dated May 26, 2022, and (2) a money judgment of the same court dated July 22, 2022. The order, insofar as appealed from, denied that branch of the defendant's motion which was for a modification of his child support obligation and granted that branch of the defendant's motion which was for a modification of his pro rata share of the children's add-on expenses only to the extent of modifying his pro rata share of the children's add-on expenses as of June 1, 2022. The money judgment, upon so much of the order as granted the plaintiff's cross-motion for an award of counsel fees to the extent of directing the defendant to pay counsel fees in the sum of $12,000, directs the defendant to pay counsel fees in the principal sum of $12,000.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as granted the plaintiff's cross-motion for an award of counsel fees to the extent of directing the defendant to pay counsel fees in the sum of $12,000 is deemed to be a premature notice of appeal from the money judgment (see CPLR 5520[c]); and it is further,
ORDERED that the order is reversed insofar as appealed from, on the law, that branch of the defendant's motion which was for a modification of his pro rata share of the children's add-on expenses is granted to the extent of modifying his pro rata share of the children's add-on expenses as of November 23, 2021, and the matter is remitted to the Supreme Court, Kings County, for a calculation of the amount of credit, if any, due to the defendant for the children's add-on expenses he actually paid from November 23, 2021, through June 1, 2022, and a new determination of that branch of the defendant's motion which was for a modification of his child support obligation; and it is further,
ORDERED that the money judgment is reversed, on the law, so much of the order as granted the plaintiff's cross-motion for an award of counsel fees to the extent of directing the defendant to pay counsel fees in the sum of $12,000 is vacated, and the matter is remitted to the Supreme Court, Kings County, for a new determination of the plaintiff's cross-motion; and it is [*2]further,
ORDERED that one bill of costs is awarded to the defendant.
The parties were married in 2011 and have two children. In March 2020, the parties executed a child support stipulation that was incorporated but not merged into a judgment of divorce dated October 1, 2020. The child support stipulation provided that the defendant was to pay the plaintiff the sum of $2,868 per month in child support and 95% of the children's add-on expenses. On November 23, 2021, the defendant moved, inter alia, for a modification of his child support obligation and a modification of his pro rata share of the children's add-on expenses, alleging that the plaintiff's income had increased by more than 15% and that there had been a substantial change in circumstances since the entry of the judgment of divorce. The plaintiff cross-moved for an award of counsel fees and conceded that the branch of the defendant's motion which was for a modification of his pro rata share of the children's add-on expenses should be granted. The plaintiff also conceded that her income had increased by more than 15% since the entry of the judgment of divorce.
In an order dated May 26, 2022, the Supreme Court, among other things, granted that branch of the defendant's motion which was for a modification of his pro rata share of the children's add-on expenses to the extent of modifying his pro rata share of the children's add-on expenses as of June 1, 2022, denied that branch of the defendant's motion which was for a modification of his child support obligation, and granted the plaintiff's cross-motion for an award of counsel fees to the extent of directing the defendant to pay counsel fees in the sum of $12,000. Upon review of the evidence regarding the defendant's income, the court found that the defendant's papers were "replete with contradictions and half truths, which significantly undermines his credibility." Subsequently, the court issued a money judgment dated July 22, 2022, directing the defendant to pay counsel fees in the principal sum of $12,000. The defendant appeals.
"The party seeking modification of a support order has the burden of establishing the existence of a substantial change in circumstances warranting the modification" (Matter of Nieves-Ford v Gordon, 47 AD3d 936, 936; see Matter of Camarda v Charlot, 182 AD3d 532, 534). In addition, the court may modify an order of child support "where . . . three years have passed since the order was entered, last modified or adjusted; or [where] there has been a change in either party's gross income by fifteen percent or more since the order was entered, last modified, or adjusted" (Domestic Relations Law § 236[B][9][b][2][ii][A], [B]; see Matter of Castelli v Maiuri-Castelli, 198 AD3d 752, 753-754).
Here, the plaintiff conceded that her income had increased by more than 15% since the entry of the judgment of divorce, which warranted a new determination of the parties' respective child support obligations (see Domestic Relations Law § 236[B][9][b][2][ii][B]; Matter of Castelli v Maiuri-Castelli, 198 AD3d at 754). However, the Supreme Court failed to find that the plaintiff's income had increased by more than 15% and, instead, found that the defendant's representations regarding his income lacked credibility and denied that branch of his motion which was for a modification of his child support obligation. Contrary to the plaintiff's contention and the court's findings, the increase in the plaintiff's income entitles the defendant to a new determination of the parties' respective basic child support obligations, irrespective of whether any decrease in the defendant's income also may be properly considered (see Domestic Relations Law § 236[B][9][b][2][ii][B]; Matter of Castelli v Maiuri-Castelli, 198 AD3d at 754). Accordingly, we remit the matter to Supreme Court, Kings County, for a new determination of that branch of the defendant's motion which was for a modification of his child support obligation.
Based on the foregoing, inasmuch as we are reversing the denial of that branch of the defendant's motion which was for a modification of his child support obligation and remitting the matter to the Supreme Court, Kings County, for a new determination of that branch of his motion, we reverse the award of counsel fees to the plaintiff and remit the matter to the Supreme Court, Kings County, for a new determination of the plaintiff's cross-motion for an award of counsel fees (see Matter of Shvetsova v Paderno, 84 AD3d 1097, 1098).
In granting that branch of the defendant's motion which was for a modification of his pro rata share of the children's add-on expenses, the Supreme Court should have directed that the modification was effective as of November 23, 2021, the date of the defendant's motion, rather than June 1, 2022 (see Domestic Relations Law § 236[B][7][a]; Turisse v Turisse, 194 AD3d 1090, 1093-1094; Castello v Castello, 144 AD3d 729, 730). Accordingly, we remit the matter to the Supreme Court, Kings County, for a calculation of the amount of credit, if any, due to the defendant for the children's add-on expenses he actually paid from November 23, 2021, through June 1, 2022.
The defendant's remaining contention need not be reached in light of our determination.
IANNACCI, J.P., CHRISTOPHER, DOWLING and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court